■    In the Matter of ROBERT M. ERDMAN, Petitioner, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. — Per Curiam. Proceeding under article 78 of the CPLR to review a determination of the Board of Regents which revoked petitioner's license to practice medicine. By judgment of a United States District Court, petitioner was "convicted upon his plea of Guilty of the offense of unlawfully, wilfully and knowingly conspiring to violate Section 1503, Title 18, U. S. Code, by corruptly influencing, obstructing and impeding and corruptly endeavoring to influence, obstruct and impede the due administration of justice in the United States Judicial District for the Eastern District of New York (Title 18, U. S. Code, Section 371)". Although the crime constituted a felony under the Federal statute, it would have been a misdemeanor under New York law (Penal Law, § 580, subd. 6) and must be treated as such for purposes of this disciplinary proceeding (Education Law, §§ 6502, 6514, subds. 1, 2, par. [b]). Under subdivision 2, revocation of the practitioner's license, or punishment in lesser degree, is permissive, for conviction of a misdemeanor. In the disciplinary proceeding, petitioner was charged with having been convicted of a crime (Education Law, § 6514, subd. 2, par. [b]) and an additional specification charged that his acts in furtherance of the conspiracy of which he was convicted constituted unprofessional conduct (Education Law, § 6514, subd. 2, par. [g]). His answer admitted the factual allegations but affirmatively alleged that he had not been guilty of unprofessional conduct. The allegations admitted were, among others, the facts of a conspiracy, in which the participants were petitioner, a Justice of the New York Supreme Court, an Assistant United States Attorney and others, to cause to be exerted the influence of the Justice and the attorney, and that of their respective offices, to obtain lenient treatment of an indicted defendant at the hands of a United States District Judge; in pursuance of which conspiracy petitioner conferred on several occasions with the Justice and the attorney and paid to them approximately $35,000 which had been given to him by the defendant and another individual for that purpose. The co-conspirators were convicted after a trial. (See United States v. Kahaner, 317 F. 2d 459, cert. den. 375 U. S. 836, rehearing den. 375 U. S. 926.) Petitioner asserts that the conviction and the supposed unprofessional conduct for which discipline was imposed were unconnected with medical practice; but unprofessional conduct on the part

of a physician is not limited to acts directly relating to his treatment of patients. We are unable to hold that there was no rational basis for the administrative findings that: "In our opinion the acts committed by the respondent were so heinous and wrongful as to negate the contention that respondent possesses the high degree of good character which is expected and required of a member of the medical profession. The public has a right to expect from the members of the medical profession the highest degree of integrity. We find the respondent's conduct was so reprehensible as to indicate that he does not possess such integrity and that such conduct reflects most unfavorably on the medical profession." Fraudulent arrangements akin to conspiracy, entered into between physicians and lawyers, have been found so obstructive of justice as to require an extended judicial investigation, in the wake of which physicians' licenses were revoked for fraud and for unprofessional conduct as well. (See, e.g., *Matter of Wasserman* v. *Board of Regents of Univ. of State of N. Y.*, 11 N Y 2d 173, cert. den. 371 U. S. 861, app. dsmd. 371 U. S. 23.) Surely, acts of conspiracy striking at the foundation of our system of equal and impartial justice constitute no less substantial a ground for a finding of unprofessional conduct on the part of a physician whose public obligations and responsibilities should be co-ordinate with the privileges implicit in his licensure. Although we conclude that the finding of unprofessional conduct was warranted, we consider that, in any event, the semantics are not important and the determination was essentially and properly grounded upon the admitted facts underlying the conviction. Had the board chosen to rest its determination and the punishment of license revocation upon the conviction alone, without a finding that the facts constituting the crime of conspiracy and impelling a plea of guilty and consequent conviction constituted unprofessional conduct as well, the discipline imposed could not, even then, be modified, as, in our view, the punishment, in the light of the conceded facts, was neither inordinate nor shocking; and this whether the facts be deemed to have given rise to two specifications or but one. Petitioner's additional contentions seem to us insubstantial and do not require discussion. Determination confirmed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.