■ PAUL J. VERCESI, Respondent, v. IRVING LUCAS et al., Appellants.— In a negligence action to recover damages for injury to person and property, defendants appeal, by permission of the Appellate Term, Second Judicial Department, from an order of said court, entered November 12, 1965, which affirmed (by a divided court) an order of the Civil Court of the City of New York, Queens County, entered March 30, 1965, denying defendants' motion to dismiss the action for lack of prosecution. Orders of the Appellate Term and the Civil Court reversed, without costs; motion granted and complaint dismissed, without costs. Within six months of the date of joinder of issue, whether that date be as claimed by plaintiff or by defendants, defendants served upon plain-

tiff's attorney a notice demanding that within 45 days plaintiff file a note of issue. Plaintiff failed to comply with the demand. Thereafter, more than six months after the date of joinder of issue, regardless of which date is accepted, defendants made the instant motion to dismiss. In our opinion, the 45-day notice required by CPLR 3216 may be served prior to the expiration of the six-month period referred to therein. We are also of the opinion the plaintiff's failure to proceed in the action (arising out of an alleged accident in July, 1961), from May, 1964 to March, 1965, subsequent to the making of this motion, constituted an unreasonable delay in prosecution. Plaintiff offered no justification for the delay; nor did he submit an affidavit of merits. Under the circumstances, defendants are entitled to dismissal of the complaint (*Sortino* v. *Fisher*, 20 A D 2d 25; *Keating* v. *Smith*, 20 A D 2d 141). Christ, Acting, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.