■   In the Matter of LUCIO J. PEPE, Petitioner, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— REYNOLDS, J Proceeding pursuant to article 78 of the CPLR to annul an order of the respond-

ent canceling petitioner's license to practice medicine in the State of New York and his certificate of registration as a physician to engage in the practice of medicine. The respondent, following a hearing, found that charges that petitioner had been convicted of a crime in a court of competent jurisdiction (Education Law, § 6514, subd. 2, par. [b]) and had been guilty of unprofessional conduct (Education Law, § 6514, subd. 2, par. [g]), had been sustained and revoked his license and certificate of registration to practice medicine. Petitioner has been convicted on five counts of unlawful acts in relation to examination in violation of subdivisions 4, 5 and 6 of section 225 of the Education Law and on one count of conspiracy to commit such crimes and has had his conviction after a *Huntley* hearing upheld by the highest court in this State (*People* v. *Pepe*, 18 N Y 2d 955) and certiorari denied by the United States Supreme Court (*Pepe* v. *New York*, 387 U. S. 909). Petitioner despite his exhaustive prior litigation of his conviction initially seeks again to contest the validity thereof here on the basis that statements made by him to personnel of the Department of Education were obtained in violation of his constitutional rights, since the method of questioning him did not comply with "procedures to be followed by law enforcement officials during their pre-arraignment interrogation of suspects" and in violation of the Fifth, Sixth and Fourteenth Amendments to the Federal Constitution, as enunciated by the United States Supreme Court in *Escobedo* v. *Illinois* (378 U. S. 478) and *Miranda* v. *Arizona* (384 U. S. 436). However, not only has petitioner already fully litigated these very issues in his attempt to avoid his conviction (see 25 A D 2d 821 and 18 N Y 2d 955) but such contention under the facts here present are of no avail in the instant disciplinary proceeding (*Matter of Popper* v. *Board of Regents*, 26 A D 2d 871). Secondly, he urges that since his statements to the department personnel were made in 1961 there was undue delay in commencing the disciplinary proceedings. Such delay, of course, was due to petitioner's own action in pursuing every legal avenue available to him to avoid conviction. Once the United States Supreme Court denied certiorari on May 15, 1967, the instant proceeding was brought within a period of less than five months. There is no Statute of Limitations applicable to disciplinary proceedings of this nature and no basis for laches in the instant case (*Matter of Frank* v. *Board of Regents*, 24 A D 2d 909, mot. for lv. to app. den. 17 N Y 2d 420, mot. for rearg. den. 17 N Y 2d 422, cert. den. 385 U. S. 815). Finally, it is petitioner's contention that there is no substantial evidence to support the finding of unprofessional conduct within the provision and meaning of section 6514 (subd. 2, par. [g]) of the Education Law. We cannot agree. There is ample proof in the record that petitioner was involved in selling examination questions and answers to candidates for medical licenses and such conduct, although not directly connected with medical practice, clearly could be found to be unprofessional conduct within the meaning of the statute (*Matter of Erdman* v. *Board of Regents*, 24 A D 2d 698, mot. for lv. to app. den. 17 N Y 2d 421). Determination confirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Reynolds, J.