■ In the Matter of REGINALD GOLD, Petitioner, v. EWALD B. NYQUIST, as Commissioner of Education, et al., Respondents.— Proceeding initiated in the Appellate Division of the Supreme Court in the Third Judicial Department pursuant to subdivision 4 of section 6510 of the Education Law to annul an order of the Commissioner of Education suspending petitioner's license to practice chiropractic. Petitioner, a chiropractor licensed by New York State Department of Education, was charged with professional misconduct within the meaning of section 6509 of the Education Law on the petition of William O'Neill, an investigator of the Department of Education. A copy of the complaint was served upon petitioner on April 4, 1972 and a hearing held, pursuant to section 6510 of the Education Law, before a panel of the New York State Board of Chiropractors on April 20, Dr. Mahlon Blake presiding. The specifications contained in the complaint, to which petitioner entered a general denial, may be summarized as follows: 1. Untrue, fraudulent, misleading, deceptive, flamboyant or unprofessional advertising, within the meaning of section 6559 (subd. 1, par. d) of the Education Law (L. 1963, ch. 780, repealed by L. 1971, ch. 987 [but, see, 8 NYCRR 29.1]) and section 73.1 of the Regulations of the Commissioner of Education of the State of New York (8 NYCRR 73.1) in that petitioner allegedly caused to be published and circulated certain documents constituting solicitation and advertising for patronage, and containing information other than that permitted on professional cards or stationery. 2. Practicing chiropractic under an assumed name, in violation of section 6559 (subd. 1, par. i) and section 6561 of the Education Law (similarly changed), and 8 NYCRR 73.1, in that petitioner allegedly held himself out to practice under the names of "Patients Association for Chiropractic Education" ("P.A.C,E.") and "Gold Chiropractic Office". 3. Practicing chiropractic beyond the scope of authority granted by section 6558 (similarly changed, now covered in part by § 6551) of the Education Law on account of representations allegedly made in the afore-mentioned documents. 4. Unprofessional conduct, within the meaning of section 6559 (subd. 1, par. j) of the Education Law (similarly changed) on the basis of all of the foregoing allegations. Petitioner was ultimately found guilty by the panel of the charges contained in specification "1" (although the precise finding was a violation of section 6559, subd. 1, par. b, while the charge seems to have pertained to section 6559, subd. 1, par. d); guilty of the charges contained in specification "2" only insofar as they related to the use of the name "Gold Chiropractic Office"; and guilty of the charge contained in specification "4" on the basis of the foregoing findings of guilt. The remainder of the charges contained in specifi-

cations "2" and "3" were dismissed and are not considered in this proceeding. Petitioner's license to practice was thereupon suspended for six months with a three-month probationary stay. The determination of the panel was affirmed by the Board of Regents and an order to that effect entered by the Commissioner of Education. Enforcement of that order was stayed by this court pending the outcome of this proceeding. The central issue upon this appeal is whether or not the record contains substantial evidence to support the finding that the petitioner engaged in prohibited advertising and/or held himself out for practice under an assumed name. The present record contains evidence that the petitioner was involved with an organization known as the Patients Association for Chiropractic Education (P.A.C.E.). In this connection it was established that he caused or permitted certain literature in the form of handbills and media advertisements to be published on behalf of P.A.C.E., which literature called attention to the benefits of chiropractic treatments as opposed to the ingestion of drugs whether such drugs be over the counter purchases or by prescription. In these handbills and advertisements the readers were invited to attend meetings at the residence and office of the petitioner, with his name being specified as lecturer. As pertinent to the advertising specification, a report of the Regents' Committee on Discipline stated: "After a careful review of the entire record before us, we find the respondent guilty of untrue, fraudulent, misleading, deceptive, flamboyant and unprofessional advertising within the purview and meaning of Section 6559, subdivision 1 (b) of the Education Law of the State of New York * * * all as more fully set forth in the First Specification of the charges herein". Without enumerating all of the testimony concerning such specification, suffice it is to note that the court is unable to fairly evaluate the determination of the board as no findings of fact were made and, therefore, remittal is necessary. In regard to specification "2", no factual evidence was adduced at the hearing to demonstrate that the petitioner had filed a certificate for an assumed name and under such circumstances the designation of his office as the "Gold Chiropractic Office" being a portion of the petitioner's name would not be an assumed name. (See *People v. Hewson*, 224 N. Y. 136.) Accordingly, the finding that the petitioner held himself out for practice under an assumed name is arbitrary and capricious and the charge should be dismissed. At the hearing, counsel for the respondent moved to amend the specifications so as to include therein photographs of a bus allegedly owned by the petitioner and bearing certain alleged advertising signs, but the motion to so amend was denied. In view of our decision, the said exhibits should not be considered by the board in making a determination as to specification "1". We have examined the other issues raised by the petitioner in the proceeding and find them to be without merit. Decision withheld and matter remitted to the board for findings of fact as to specifications "1" and "4" and thereafter for reconsideration of the measure of discipline, if so advised. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.