### (December 11, 1975)

■ In the Matter of REGINALD GOLD, Petitioner, v EWALD B. NYQUIST, as

Commissioner of Education, et al., Respondents.—Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to review an order of the Commissioner of Education suspending petitioner's license to practice chiropractic. This matter was previously considered by this court. We dismissed one of three charges and, on the two remaining charges, remanded for findings of fact and for reconsideration of the measure of discipline, if so advised. We withheld our final decision (43 AD2d 617). The facts and circumstances surrounding the controversy are amply set forth in our previous decision and we deem it unnecessary to repeat them here. On remand, no new evidence or testimony was produced. Petitioner was found guilty of the remaining charges with the recommendation that the same punishment be imposed. The board of regents, however, reduced the punishment to a four-month suspension, and stayed all but one month of such suspension. An order to that effect was entered by respondent Commissioner of Education and this proceeding ensued. The supplemental record reveals that on remand findings of fact were made remedying the defect of the former determination. More specifically, it was found, among other things, that petitioner was a principal organizer of Patients Association for Chiropractic Education (P. A. C. E.), which was engaged in advertising; that petitioner was aware of the advertising activities of P. A. C. E.; that petitioner's office-residence was used as a headquarters for one of the chapters of P. A. C. E.; that petitioner allowed himself to be identified as a chiropractor, allowed his business office to be used as a meeting place and his business telephone number to be used to make reservations for lectures by P. A. C. E., knowing that such information would be set forth in chiropractic advertisements placed in newspapers circulating in Rockland County and in mailed brochures; and that certain advertisements, as evidenced by exhibits, were flamboyant, misleading, deceptive and fraudulent. It is well established that our review is a limited one and we cannot interfere with the decision of respondent unless there is no rational basis for the exercise of discretion or the action complained of is arbitrary and capricious. (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, 34 NY2d 222, 231.) It is equally well established that we must not disturb the sanctions imposed by respondent unless its measures are shockingly unfair. (Matter of Ahsaf v Nyquist, 37 NY2d 182, 184.) Considering this record in its entirety and in light of these principles, we are of the view that there is substantial evidence to sustain the respondent's determination and we should not disturb it. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.