■     In the Matter of BENJAMIN SMITH, Petitioner, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents. —Proceeding initiated in this court pursuant to subdivision 4 of section 6510 of the Education Law to annul a determination of the Board of Regents suspending for a period of three years petitioner's license to practice dentistry. Petitioner was charged by the Committee on Professional Conduct of the State Board for Dentistry of the Department of Education with

fraudulently practicing the profession of dentistry in violation of former section 6613 (subd 1, par [c]) of the Education Law (now § 6509, subd [2]) and with unprofessional conduct in violation of former section 6613 (subd 1, par [b]) of the Education Law (now § 6509, subd [9]). The hearing panel found petitioner guilty as charged, making specific findings of fact, and recommended a three-year suspension to be stayed during a three-year period of probation (Education Law, § 6510, subd 2). The regents review committee accepted the findings of guilt, but modified the disciplinary action by recommending that the probationary stay period be reduced to two and one-half years, in effect requiring petitioner to serve an actual six-month suspension. The Board of Regents unanimously adopted the recommendation of the review committee on November 21, 1975 (Education Law, § 6510, subd 3). On this appeal petitioner raises various issues in support of a request that this court annul the determination of the Board of Regents and "direct that petitioner shall remain subject to a period of probation for one year, during which physical and psychiatric reports should be filed with respondents". As proof of the misconduct charged, respondents offered a stipulation prepared by petitioner's attorney in which, among other things, he admitted that, over a period of years, he submitted a number of false and fraudulent bills and claims to an insurance company. Although petitioner also stipulated and testified to facts which could have been considered in mitigation of this misconduct, such as inadvertence, prompt restitution, various emotional difficulties at the times in question and a long spotless record, in view of the overwhelming proof of his guilt and the seriousness of the offenses, we cannot conclude that a six-month suspension was " 'so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ.* 34 NY2d 222, 233). We find no substance to the argument that the hearing procedures violated due process of law (Education Law, § 6510). The claim that the regents review committee was improperly constituted because of the failure to include a duly elected member of the Board of Regents is without merit in view of our recent holding that all actions of the Board of Regents in which the challenged regents therein participated, including Mr. Batista, were valid and binding as against third parties *(Matter of Anderson v Krupsak,* 51 AD2d 229). Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Mahoney, Main, Larkin and Herlihy, JJ., concur.