■ In the Matter of RICHARD J. KONES, Petitioner, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents.—Proceeding initiated in this court pursuant to subdivision 4 of section 6510 of the Education Law to review a determination of the Commissioner of Education suspending petitioner's license to practice medicine. Petitioner is a physician, and on April 14, 1975 he was charged by a Supervisory Professional Conduct Investigator of the State Education Department with having been convicted of a Federal crime and with unprofessional conduct within the meaning and purview of section 6509 (subd [5], par [b]; subd [9]) of the Education Law. The foundation for these charges was a multi-count indictment in the United States District Court for the Southern District of New York upon which petitioner was adjudged guilty by plea to three counts of unlawfully, willfully and knowingly making and using false requests for Medicare payments. Following a hearing before a panel of the Committee on Professional Conduct of the State Board of Medicine, it was determined that the charges against petitioner had been proven by substantial legal evidence, and this finding was adopted by the

Board of Regents and the commissioner. Accordingly, the commissioner ordered that petitioner's license to practice medicine be suspended for two years upon each specification of the charges of which he was found guilty, said suspensions to run concurrently, and he further stayed execution of the last one and one-half years of said suspensions and placed petitioner on probation for that period of time. In the instant proceeding, petitioner contends solely that there was an abuse of discretion as to the measure and mode of penalty and discipline imposed by the commissioner. We cannot agree. It is by now well settled that the punishment imposed in an administrative proceeding should not be disturbed unless it is " 'so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness'." *(Matter of Stolz v Board of Regents of Univ. of State of N. Y.,* 4 AD2d 361, 364; see, *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233), and that an administrator charged with disciplining a calling "must not be denuded of his commensurate authority to punish * * * unless his measures are shockingly unfair" *(Matter of Butterly & Green v Lomenzo,* 36 NY2d 250, 258). Such being the case, in view of the serious nature of the charges here and petitioner's admitted guilt, we conclude that the terms of suspension and probation are plainly not shockingly unfair and that the mitigating circumstances cited by petitioner, such as his proficiency in his chosen field and his unfortunate financial circumstances, are insufficient to alter this result. We also note that allowance was made in the commissioner's determination so that petitioner can fulfill the special condition of probation imposed by the Federal District Court relating to his donation of four days per month to giving medical care and services in a prison, public hospital or other governmental institution. Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Mahoney, Main, Larkin and Herlihy, JJ., concur.