■   In the Matter of ELIEZER SHKOLNIK, Petitioner, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents. —Proceeding pursuant to CPLR article 78 (instituted in this court pursuant to subdivision 4 of section 6510-a of the Education Law) to annul an order of the Commissioner of Education revoking petitioner's license to practice medicine. On January 8, 1973, the petitioner, a practicing physician with a New York State license since 1971, pleaded guilty to conspiracy to deposit a forged check and defraud a bank by withdrawing money after the check had been deposited. Thereafter, as a result of this conviction, an investigator of the Department of Education lodged charges against petitioner. These charges were subsequently amended to include a charge of practicing medicine fraudulently and a charge of professional misconduct. The charges were brought pursuant to section 6509 (subds [2], [5], par [a]; subd [9]) of the Education Law. After several days of hearings at which both the Attorney-General and the petitioner produced several witnesses, the hearing panel of the Committee on Professional Conduct of the State Board for Medicine made findings of fact. The hearing panel found, among other things, that petitioner had been convicted of a crime and that he was guilty of unprofessional conduct by fraudulently representing the association of an abortion clinic, which he ran, with Bellevue Hospital; maintaining incomplete records; failing to submit accurate records of abortions; aborting patients who were more than 12 weeks pregnant; not examining a patient before performing an abortion; diagnosing pregnancy based upon a male's urine specimen and practicing in inadequate facilities. Revocation of his license was recommended. The Regents Review Committee reversed the hearing panel's finding of fraud based upon the male urine incident and affirmed all other findings. The petitioner's license was revoked by order of the Commissioner of Education on August 9, 1976. Petitioner's argument that it is against the public policy of this State to revoke a license based solely on a conviction for a crime unrelated to the conduct of the profession must fail because the license was revoked not only because of the criminal conviction, but also because of the findings of unprofessional conduct and fraudulent practice of medicine. We, therefore, find it unnecessary to comment upon petitioner's claim under article 23-A of the Corrections Law. We find no merit to petitioner's attempt, rejected below, to hide behind the corporate employers. Although there was conflicting testimony as to many of the charges, we find that the determination under review was supported by substantial evidence *(Matter of Pfeffer v Parkside Caterers,* 42 NY2d 59). We find that the penalty imposed, although severe, was neither "clearly disproportionate to the offense and completely inequitable in light of the surrounding circumstances" *(Kostika v Cuomo,* 41 NY2d 673, 676), nor shocking to the conscience of the court *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Determination confirmed, and petition dismissed, with costs. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.