■ In the Matter of DONALD R. TRAGER, Petitioner, v BOARD OF

REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. —Proceeding instituted in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to annul a determination of the Board of Regents suspending for a period of one year petitioner's license to practice as a chiropractor in the State of New York, and further providing that the execution of the last eight months of the suspension be stayed, and petitioner be placed on probation for a period of four years under stated terms and conditions. Petitioner was licensed to practice as a chiropractor in the State of New York by the New York State Education Department. On February 7, 1977, petitioner was charged with being convicted of committing an act constituting a crime under Federal law (first specification), and with unprofessional conduct (second specification). After a hearing, the hearing panel found and determined that petitioner was guilty of each specification of the charges, made specific findings of fact, and recommended a one-year suspension on each specification to run concurrently with the last 11 months of said suspension being stayed, and that petitioner be placed on probation for a period of four years. The Board of Regents review committee, on July 18, 1977, accepted the findings and determination of the hearing panel of petitioner's guilt, but modified the disciplinary action by reducing the period for staying the suspension from 11 months to 8 months. The Board of Regents adopted the recommendation of the review committee on August 16, 1977 (Education Law, § 6510, subd 3). On this proceeding, petitioner contends that the Board of Regents abused its discretion with respect to the measure of discipline imposed upon him. The suspension was imposed by reason of petitioner's guilty plea to the charge of conspiracy to defraud the United States in conspiring to unlawfully, willfully and knowingly make and present for payment, false, fictitious and fraudulent Medicaid invoices for doctors' services to the New York City Department of Social Services. Petitioner was convicted, following his plea of guilty, and was sentenced to a three-year prison term which, after one month imprisonment, was suspended, and petitioner was placed on probation. Petitioner seeks here to reduce the four-month period of actual unstayed suspension of his license to a one-month period. In view of the proof of his guilt and seriousness of the offense, we cannot conclude that the modification of the stay of suspension of petitioner's license from one month to four months is "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness". (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Smith v Nyquist,* 52 AD2d 999.) Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.