■    In the Matter of EDWIN H. KIMMEL, Petitioner, v BOARD OF RE-GENTS, Respondent.—Proceeding initiated in this court pursuant to subdivision 4 of section 6510 of the Education Law, to review a determination of the Board of Regents suspending petitioner's license to practice chiropractic in this State for a period of two years upon each of two specifications of charges of which petitioner was found guilty, said suspensions to run concurrently with execution of the last year of said suspensions stayed to be followed by a period of five years probation. The sole issue raised by this proceeding is whether the measure of discipline imposed is so severe as to be shocking to one's sense of justice *(Matter of Pell v Board of Educ.,* 34 NY2d 222). On December 25, 1975 petitioner pleaded guilty in Federal court to both counts of an information charging him with unlawfully, willfully and knowingly presenting to the United States Department of Health, Education and Welfare false, fictitious and fraudulent claims for payment pursuant to title 19 of the Social Security Act (Medicare Act; US Code, tit 42, § 1396 *et seq.)* and with conspiring with others to defraud the United States by obstructing and hindering the administration of that act by the Department of Health, Education and Welfare. Thereafter, a hearing into charges of unprofessional conduct and with having been convicted of an act constituting a crime under Federal Law (Education Law, § 6509, subd [5], par [b]; subd 9) was held on October 6, 1977 before a panel of the New York State Board of Chiropractic. Petitioner was found guilty as charged and the panel recommended that his license be suspended for two years on each of the charges, to run concurrently, but further recommended that the suspensions be stayed and the petitioner placed on probation for a period of seven years. On January 18, 1978 the Regents Review Committee adopted the hearing panel's finding as to guilt, but recommended that only the last year of the suspensions be stayed and that petitioner be placed on probation for a period of five years. On January 25, 1978 the Board of Regents adopted the recommendations of its review committee. The order under review was entered on March 3, 1978. The only argument set forth in petitioner's brief for annulment on the ground of penalty excessiveness is that during the period in question he was suffering from severe emotional and financial trauma and had a serious alcoholic problem. Our reading of the record herein readily reveals that both the New York State Board of Chiropractic and the Regents Review Committee gave full consideration to these problems and also weighed the many achievements and contributions to his profession made by petitioner, and but for these considerations the penalty might have been more severe. Thus, we conclude that the penalty imposed was in no way shockingly severe (cf. *Kostika v Cuomo,* 41 NY2d 673; *Matter of Pell v Board of Educ., supra; Matter of Trager v Board of Regents of Univ. of State of N. Y.,* 61 AD2d 871; *Matter of Shkolnik v Nyquist,* 59 AD2d 954). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Larkin, Mikoll and Herlihy, JJ., concur.