In the Matter of MARVIN M. MOSNER, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (instituted in this court pursuant to subdivision 4 of section 6510 of the Education Law) to annul a determination of the Commissioner of Education suspending petitioner's license to practice chiropractic for two years, with the last year of said suspension suspended, and placing petitioner on probation for a period of two years. On June 10, 1976 petitioner, a licensed chiropractor, pleaded guilty in a United States District Court to (1) filing fraudulent claims against the United States under the Medicare Act, and (2) conspiring to do so. As a result of this conviction, the Department of Education charged petitioner with committing a crime under Federal law and with unprofessional conduct committed by virtue of the acts underlying the Federal conviction. After a hearing, the Commissioner of Education found that the charges had been sustained, and he issued an order which suspended petitioner's license on each charge for two years, each suspension to run concurrently, staying the execution of the last year of the suspension and placing petitioner on probation for two years. Conviction of the crime of filing fraudulent claims under the Medicare Act and committing unprofessional conduct by virtue of the acts underlying the crime constitute "professional misconduct" under the Education Law (§ 6509, subd [5], par [b]; subd [9]), which subject a licensee to the penalties prescribed in section 6511, including suspension of a license. We reject petitioner's contention that under article 23-A of the Correction Law it is against public policy to suspend a chiropractor's license on the basis of a conviction having no connection with the practice of the profession. Article 23-A by its terms applies only to the "application" for a license by a person previously convicted of a crime (see Correction Law, § 751); it has no bearing on disciplinary proceedings against persons already licensed (cf. *Matter of Glucksman,* 57 AD2d 205, 208, mot for lv to app den 42 NY2d 804). We find no indication that the Legislature intended to supersede the disciplinary provisions prescribed in the Education Law by enacting article 23-A (cf. *Matter of Glucksman, supra,* p 207), especially in view of the long-settled rule that unprofessional conduct need not be limited to acts directly connected to the treatment of patients *(Matter of Pepe v Board of Regents of Univ. of State of N. Y.,* 31 AD2d 582, mot for lv to app den 24 NY2d 741; *Matter of Erdman v Board of Regents of Univ. of State of N. Y.,* 24 AD2d 698, mot for lv to app den 17 NY2d 421; cf. *Matter of Bott v Board of Educ.,* 41 NY2d 265, 268), and that filing false claims for payment has historically been grounds for discipline under the Education Law. (See, e.g., *Matter of Wassermann v Board of Regents of Univ. of State of N. Y.,* 11 NY2d 173, cert den 371 US 861, app dsmd 371 US 23; *Matter of Frank v Board of Regents of Univ. of State of N. Y.,* 24 AD2d 909.) Furthermore, petitioner's contention must be rejected in that he was also found guilty of unprofessional conduct by his admission of the acts underlying his Federal conviction (see *Matter of Shkolnik v Nyquist,* 59 AD2d 954; *Matter of Erdman v Board of Regents of Univ. of State of N. Y., supra,* p 698-699). Finally, we find that the penalty imposed is neither clearly disproportionate to the offense nor shocking to the conscience of the court *(Kostika v Cuomo,* 41 NY2d 673, 676; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter*

*of Kones v Nyquist*, 52 AD2d 1000, 1001). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.