■ In the Matter of DAVID J. REDDING, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.—Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to annul a determination of the Commissioner of Education which imposed a penalty of censure and reprimand on petitioner for practicing beyond the scope of his chiropractic license and for unprofessional conduct. The petitioner, as a former president of New York State Chiropractic Association, is, along with many of his fellow chiropractors, dissatisfied with the provisions of section 6551 (subd 2, par a, cl [3]) of the Education Law, prohibiting chiropractors from X-raying below the level of the top of the first lumbar vertebra. In an effort to invalidate that portion of the statute, the petitioner decided to make himself a test case and intentionally violated its provisions by extending X rays for certain patients beyond the permissible limitation. Petitioner was charged with professional misconduct for doing so, and proceedings under section 6510 of the Education Law were instituted. Before the hearing panel the petitioner readily admitted his guilt of violating the statute, but urged its unconstitutionality. The results of the hearing were transmitted to the Board of Regents (Education Law, § 6510, subd 2, pars c, d), considered by the Regents Review Committee, decided by the Board of Regents and resulted, on February 9, 1979, in the decision of the Commissioner of Education under review herein. The petitioner admittedly and deliberately violated the provisions of section 6551 (subd 2, par a, cl [3]) of the Education Law in order to contest the constitutionality of that statute in a disciplinary proceeding held pursuant to section 6510 of the Education Law, rather than by an action for a declaratory judgment, which is the appropriate vehicle for the relief requested, obviously because he knew the members of the hearing panel would be fellow chiropractors, all sympathetic to his plight and themselves anxious to annul so restrictive a statute. Such a disciplinary hearing is administrative in nature *(Matter of Bender v Board of Regents of Univ. of State of N. Y.,* 262 App Div 627) and, therefore, totally inappropriate to determine the constitutionality of a legislative enactment. Having made a conscious choice, however, the petitioner should be bound by it. The determination of the Commissioner of Education finding the petitioner guilty is supported by substantial evidence and, therefore, has a rational basis *(Matter of Gold v Nyquist,* 50 AD2d 965); and the penalty imposed is certainly not so disproportionate to the offense as to be shocking to one's sense of fairness *(Matter of Kones v Nyquist,* 52 AD2d 1000). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.