■ GLENDON KUSHNER, an Infant, by MONA KUSHNER, Appellant, v CAMP WOODCLIFF, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered June 2, 1979 in Ulster County, which dismissed the complaint. Although plaintiff defaulted on the motion to dismiss at Special·Term, on the appeal she argues for the first time that since the 90-day notice, required by CPLR 3216 (subd [b], par [3]) was served more than 90 days prior to the expiration of one year from the date of joinder of issue, the notice should be treated as a nullity and the order of Special Term reversed. We disagree. Premature service of the 90-day notice is permissible (Meyer v Ford Motor Co., 27 AD2d 941; Vercesi v Lucas, 26 AD2d 550). While the 90-day notice herein expired prior to the expiration of the one-year period, this defect was a mere irregularity. Further, no note of issue was ever filed, there was no opposition to the motion below and the plaintiff, a nonresident, is in violation of a long-standing order to furnish security for costs in the action. In view of the foregoing and plaintiff's failure to raise the issue in the trial court, an affirmance of the order of Special Term is warranted (Matter of Raisler Corp. [New York City Housing Auth.], 39 AD2d 862, affd 32 NY2d· 274). Order affirmed, with costs. Sweeney, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.

■ In the Matter of BRUCE FRANKEL, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents.—Proceeding pursuant to CPLR article 78 (instituted in this court pursuant to the Education Law, § 6510, subd 4) to annul a determination of the Commissioner of Education suspending petitioner's license to practice as a podiatrist for three months and fining him in the amount of $1,000. Determination confirmed, and petition dismissed, without costs. (See Tartack v New York State Dept. of Educ., 75 AD2d 953.) Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.