■ In the Matter of IRA TARTACK, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents.—Proceeding initiated in this court pursuant to subdivision 4 of section 6510 of the Education Law to annul a determination of the Commissioner of Education suspending petitioner's license to practice as a podiatrist for three months and fining him in the amount of $1,000. Petitioner was charged in the Criminal Court, County of Kings, with criminal facilitation in the second degree in that he combined and agreed with others to raise moneys to be conferred upon a public servant with the intent that the same would influence the public servant's vote, opinion, judgment, action, decision or the exercise of discretion of the public servant with respect to certain legislation pending before the New York State Legislature. On February 7, 1977, the petitioner, a licensed podiatrist, pleaded guilty to that charge. Thereafter, the Education Department instituted a disciplinary proceeding against the petitioner, which contained two specifications of charges. In the first specification, the department alleged that the petitioner committed a crime under New York State law within the meaning of section 6509 (subd [5], par [a]) of the Education Law. In the second specification, the department alleged that the petitioner was guilty of unprofessional conduct within the meaning of subdivision (9) of section 6509 of the Education Law. A hearing was held before the Hearing Panel of the Committee on Professional Conduct of the State Board for Podiatry and the panel found that the petitioner was guilty of the first specified charge, but was not guilty of the second specified charge. The panel recommended that no further punishment or action be taken against the petitioner by the Board of Regents. The Regents Review Committee agreed with the hearing panel with respect to the petitioner's being guilty of the first specification but disagreed with the panel's finding that the petitioner was not guilty of the second specification. The Regents Review Committee, therefore, recommended that the matter be remanded to the hearing panel. The Board of Regents voted to accept the findings of the

hearing panel with respect to the petitioner's guilt as to the first specification of charges, but disagreed with its finding as to the measure of discipline. The board directed that petitioner's license to practice as a podiatrist be suspended for three months and that he be fined $1,000 on the first specification of charges. The board then found that in view of its determination as to the first charge and the measure of discipline imposed, no determination need be made with respect to the second specification. The Commissioner of Education so ordered on October 11, 1979. In this proceeding, the petitioner contends that the determination of the commissioner should be annulled because the Board of Regents did not remand the matter to the hearing panel in accordance with section 6510 (subd 3, par c) of the Education Law; because the petitioner cannot be sanctioned unless he was guilty of professional misconduct; because the offense with which he was found guilty was not directly connected with his practice of the profession of podiatry; and because the penalty imposed was too severe. Section 6510 (subd 3, par c) provides that if a majority of the Board of Regents "disagrees with the hearing panel's determination of not guilty, it shall remand the matter to the panel for a new hearing after which the panel's determination of not guilty shall be final". In this case, the Board of Regents agreed with the hearing panel's determination, and, thus, the board was not required to remand for a new hearing. Section 6509 of the Education Law defines professional misconduct and includes being convicted of an act constituting a crime under New York State law (Education Law, § 6509, subd [5], par [a]). Accordingly, having determined that the petitioner was guilty of committing a crime under New York State law, the Board of Regents was empowered to impose the penalty set forth in section 6511 of the Education Law, which includes suspension of license and a fine not to exceed $5,000. Furthermore, the absence of any qualifying statutory language indicates that the Legislature did not seek to limit disciplinary acts for the commission of a crime to only those crimes concerning the particular profession *(Matter of Mosner v Ambach,* 66 AD2d 912; *Matter of Erdman v Board of Regents of Univ. of State of N. Y.,* 24 AD2d 698, mot for lv to app den 17 NY2d 421; see *Barsky v Board of Regents of Univ. of State of N. Y.,* 305 NY 89, mot for rearg den 305 NY 691, affd 347 US 442; Ann. 12 ALR 3d 1213). Finally, the penalty imposed is not clearly disproportionate to the offense or shocking to the conscience of the court *(Kostika v Cuomo,* 41 NY2d 673, 676; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Mosner v Ambach, supra).* Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.