■ In the Matter of LOUIS ARANCIA, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, Respondent.— Proceeding initiated in this court pursuant to subdivision 4 of section 6510 of the Education Law to annul a determination of the Commissioner of Education suspending the petitioner's license to practice podiatry for a period of three months and fining him $1,000. The petitioner was convicted in the Criminal Court of the City of New York, County of Kings, upon his plea of guilty to the misdemeanor of conspiracy in the third degree. Specifications filed against him in this disciplinary proceeding included this conviction and an additional charge of unprofessional conduct based on the facts underlying such conviction. The hearing panel found petitioner guilty on the first specification (conviction of the crime) but not guilty on the second (unprofessional conduct) and recommended no penalty be imposed. The Regents Review Committee recommended to the Board of Regents that the finding of guilty on the first specification be sustained and that the finding of not guilty on the second specification be rejected and the matter remitted to the hearing panel for further consideration. On July 27, 1979, the Board of Regents considered the findings and recommendations of the hearing panel and of the Regents Review Committee and accepted the determination that the petitioner was guilty on the first specification. The board, however, rejected the recommendation of the hearing panel that no further action be taken with respect to the first specification and imposed a three-month suspension of license and a $1,000 fine thereon. The board rejected the finding of the review committee that the second specification be remanded for further consideration and determined that the disposition of the first specification made unnecessary a determination of the second. On October 11, 1979, the Commissioner of Education effectuated the decision of the Board of Regents by appropriate order. The plea of guilty by the petitioner supplies substantial evidence for the determination of the Commissioner of Education and the penalty imposed in the circumstances is not so severe as to shock one's sense of fairness. *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233.) Contrary to the petitioner's contention herein, the administrative processes are not required to await his *coram nobis* application attacking his conviction. His plea of guilty in the Criminal Court is an admission of guilt properly considered against him. (See *Matter of Frankel v New York State Educ. Dept.,* 75 AD2d 952; *Matter of Tartack v New York State Educ. Dept.,* 75 AD2d 953.) Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.