■      In the Matter of JUSTIN WERNICK, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents.—Proceeding pursuant to CPLR article 78, instituted in this court pursuant to subdivision 4 of section 6510 of the Education Law, to review a determination of respondents which found petitioner guilty of certain charges following a disciplinary hearing and imposed upon petitioner as a penalty a three-month suspension and a $1,000 fine. Petitioner, a podiatrist, was charged with having committed a crime and with unprofessional conduct within the purview and meaning of section 6509 (subd [5], par [a]; subd [9]) of the Education Law. The charges specified that petitioner was convicted of the misdemeanor of criminal facilitation in the second degree when, in consort with others, he raised moneys to be given to a public servant with the intent of influencing that servant's vote, opinion, judgment, action, decision or exercise of discretion with respect to certain legislation pending before the New York State Legislature. After a hearing before the New York State Board for Podiatry, Committee on Professional Conduct, petitioner was found guilty of having committed a crime but not guilty of unprofessional conduct. The panel recommended to the Board of Regents that no further action be taken against petitioner's license. On December 14, 1979, the Board of Regents accepted the determination of the hearing panel that petitioner was guilty of the first specifications of having committed a crime but, based on a more serious view of the misconduct, suspended petitioner's license for three months and imposed a $1,000 fine. The board rejected the recommendation of the Regents Review Committee to remit the matter to the hearing panel. On January 17, 1980 the Commissioner of Education executed an order effectuating the decision of the Board of Regents. This proceeding ensued. The statute clearly provides that being convicted of committing an act constituting a crime under New York State law comprises misconduct (Education Law, § 6509, subd [5], par [a]). Further, we stated in *Matter of Mosner v Ambach* (66 AD2d 912) that "unprofessional conduct need not be limited to acts directly connected

to the treatment of patients". The plea of guilty to a crime by a licensed podiatrist, without more, constituted substantial evidence of professional misconduct warranting discipline under section 6509 of the Education Law *(Matter of Erdman v Board of Regents,* 24 AD2d 698, mot for lv to app den 17 NY2d 421). Next, the penalty imposed is not disproportionate to the offense and is not shocking to one's sense of fairness *(Matter of Tartack v New York State Educ. Dept.,* 75 AD2d 953, mot for lv app den 50 NY2d 805). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.