In the Matter of CHARLES F. ROSS, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, February 5, 1981

### APPEARANCES OF COUNSEL

*Boxer and Gerst (Jonathan N. Boxer* of counsel), for petitioner.

*Robert Abrams, Attorney-General (John J. O'Grady* of counsel), for respondents.

### OPINION OF THE COURT

HERLIHY, J.

Petitioner pleaded guilty in the Crminial Court, County of Kings, to the crime of criminal facilitation in the second degree in that he combined and agreed with others to raise moneys to be conferred upon a public servant with the intent that the same would influence the public servant's

vote, opinion, judgment, action, decision or exercise of discretion with respect to certain legislation pending before the Legislature.

The petitioner contends that the administrative agency erred in proceeding against him pursuant to section 6510 of the Education Law instead of utilizing section 230 of the Public Health Law.

Section 29 of chapter 109 of the Laws of 1975 removed the preliminary and "hearing procedures in connection with the regulation of professional conduct of the profession of medicine" from the Education Law and directed that such procedures be conducted in accordance with section 230 of the Public Health Law (Education Law, § 6500). Subdivision 5 of section 6510 of the Education Law, which regulates the procedures to be followed in cases of professional misconduct, was amended to provide: "The provisions of this section shall not be applicable to proceedings in cases of professional misconduct involving the medical profession." Further, section 32 of chapter 109 of the Laws of 1975 added section 6510-a to the Education Law and it provided that proceedings "in cases of professional misconduct involving the medical profession shall be conducted pursuant to the provisions of Title II-A of article two of the Public Health Law [section 230]." (Education Law, § 6510-a, subd 1.)

Petitioner contends that the profession of podiatry is a part of the medical profession and as such the provisions of section 230 of the Public Health Law should have been followed as to the charges of professional misconduct made against him. The only practical difference would be that the Commissioner of Health would make recommendations prior to submission of the proceedings to the Board of Regents.

The petitioner contends that his profession is a medical practice. However, a review of section 230 of the Public Health Law and in particular its subdivisions 11 and 12, as added by chapter 773 of the Laws of 1977, reveals that the intent is to regulate the conduct of a "physician". Finally, a memorandum of the Executive Department submitted in support of chapter 109 of the Laws of 1975 notes

that it is intended to provide "improved procedures for professional discipline of doctors", and the Governor's Memorandum of approval similarly notes that it "provides improved procedures for professional discipline of doctors." (NY Legis Ann, 1975, pp 225, 419.)

Section 6522 of the Education Law provides that only persons "licensed or otherwise authorized under this article [131] shall * * * use the title 'physician'." Persons limited solely to podiatry are licensed pursuant to article 141 and, therefore, are not physicians within the meaning of the statutes. Persons practicing podiatry pursuant to article 141 can use the title "podiatrist" or "chiropodist" (Education Law, § 7002), but that does not constitute them doctors or physicians.

Based upon the statutory references hereinabove, it is apparent that there is a rational basis for the respondents' interpretation of sections 230 of the Public Health Law and 6510-a of the Education Law as not applying to the petitioner as a licensee under article 141 of the Education Law.

The petitioner's additional contention that the distinction in the preparation and prosecution of charges of unprofessional conduct between physicians and other professions is a violation of the constitutional guarantee of equal protection of the law has no basis upon this record and is rejected.

Petitioner's final contention is that the punishment imposed is excessive. However, it does not appear that a three-month suspension of his license and a $1,000 fine is disproportionate to the offense of criminal facilitation even if not related to the practice of podiatry. (See *Matter of Tartack v New York State Educ. Dept.*, 75 AD2d 953, 954.)

The determination should be confirmed, and the petition dismissed, without costs.

KANE, J. P., MAIN, MIKOLL and CASEY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.