In the Matter of ARLINE PIETRANICO, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, September 24, 1981

APPEARANCES OF COUNSEL

*Margaret K. Brooks* and *Paul N. Samuels* for petitioner.

*Robert Abrams, Attorney-General (Raymond J. Foley* of counsel), for respondent.

OPINION OF THE COURT

WEISS, J.

Petitioner was a licensed practical nurse and worked from 1957 to 1968 when she interrupted her practice for 10 years during which period her registration lapsed. On January 23, 1979, she filed a statement of practice form required to be filed biannually by all licensed practical nurses. She disclosed that she had, on August 12, 1972, been convicted of the crime of possession of gambling records in the second degree (Penal Law, § 225.15), a class A misdemeanor, and was fined $100. In April, 1979, the State Board for Nursing, Committee on Professional Con-

duct, held a hearing on a charge of professional misconduct as defined in section 6509 (subd [5], par [a], cl [i]) of the Education Law. The panel found her guilty of the charge and recommended censure and reprimand. The Regents Review Committee recommended that the punishment be a three-year suspension of her license with execution of the last two years stayed, during which time petitioner would be placed on probation. The Board of Regents adopted this recommendation and the Commissioner of Education made his order to such effect on November 5, 1980. This proceeding ensued.

Central to petitioner's argument is the issuance of a certificate of relief from disabilities pursuant to article 23-A of the Correction Law on March 5, 1980 (about one year after the license revocation proceedings were commenced), which she urges is an effective bar to consideration of the conviction. This premise is erroneous. "Article 23-A by its terms applies only to the 'application' for a license by a person previously convicted of a crime (see Correction Law, § 751); it has no bearing on disciplinary proceedings against persons already licensed" *(Matter of Mosner v Ambach,* 66 AD2d 912; see, also, *Matter of Durante v Board of Regents of State Univ. of N. Y.,* 70 AD2d 692, app dsmd 48 NY2d 654). This court has held it could not find the Legislature intended to supercede the disciplinary provisions prescribed in the Education Law by enacting article 23-A of the Correction Law, especially in view of the long-settled rule that unprofessional conduct need not be limited to acts directly connected with the treatment of patients *(Matter of Mosner v Ambach,* 66 AD2d 912, *supra; Matter of Pepe v Board of Regents of Univ. of State of N. Y.,* 31 AD2d 582, mot for lv to app den 24 NY2d 741).

The undisputed facts show that petitioner was convicted of a crime and the determination of the commissioner, being supported by substantial evidence, should not be disturbed *(Matter of Pell v Board of Educ.,* 34 NY2d 222). The standard of review of an administrative decision by the Commissioner of Education is limited, and we may not substitute our judgment for that of the commissioner unless the decision reviewed is arbitrary and capricious or lacks a rational basis *(Matter of Chauvel v Nyquist,* 43

NY2d 48, 52; *Matter of Kelley v Ambach,* 83 AD2d 733). Moreover, "it is not the prerogative of a reviewing court to substitute its judgment for that of the agency's determination when the record reasonably supports the agency's conclusion" *(Matter of Freyman v Board of Regents of Univ. of State of N.Y.,* 79 AD2d 719, 720; see, also, *Matter of Major v Connelie,* 81 AD2d 718).

Finally, we cannot say the punishment may be characterized as shocking to one's sense of fairness or unreasonably harsh and excessive *(Matter of Pell v Board of Educ.,* 34 NY2d 222, *supra).* Our powers to review an administrative sanction are limited, particularly when considering suspension of a license as a measure of punishment *(Matter of Robinson v Board of Regents of Univ. of State of N.Y.,* 79 AD2d 1067; *Matter of Tartack v New York State Educ. Dept.,* 75 AD2d 953, mot for lv to app den 50 NY2d 805). The mere fact that others guilty of such transgressions have escaped with lighter penalties does not justify a modification here *(Matter of Raguseo v Ambach,* 67 AD2d 738, 739).

The determination should be confirmed, and the petition dismissed, without costs.

HERLIHY, J. (concurring in part and dissenting in part). Although we have no controversy with the majority's finding with respect to professional misconduct, we dissent because we consider the respondents' decision concerning punishment to be an aberration and shocking to one's sense of fair play. It is seldom that punishment imposed by respondents requires the intervention of the court on the theory that the decision is arbitrary, capricious and lacks a rational basis, but this is not a perfect world and misjudgments and errors are committed by the best of authority. Such is the punishment under review which we consider to be arbitrary, capricious and without a rational basis as a matter of law. (See *Matter of Donohue v New York State Police,* 19 NY2d 954.)

The record establishes without dispute that petitioner was arrested for the mere fact that she was in the apartment at the time of a raid even though she gave a reasonable excuse for being there. It appears to us that, acting as

a "Good Samaritan", she was in the wrong place at the wrong time. It is apparent that after spending a night in the "Tombs" she was poorly advised by counsel, not of her own choice, that she pleaded guilty and this should have been taken into consideration by respondents.

The State Board for Nursing, Committee on Professional Conduct, recommended that petitioner be censured and she could then have had her license reissued. The Regents Review Committee recommended a three-year suspension of her license with execution stayed for the last two years during which time she would be on probation and respondents adopted this recommendation.

Respondents rely upon our recent decisions in *Matter of Durante v Board of Regents of State Univ. of N.Y.* (70 AD2d 692, app dsmd 48 NY2d 654) and *Matter of Mosner v Ambach* (66 AD2d 912) which are not precedents or controlling. In those cases the punishment imposed was proportionate to the offenses charged.

In our opinion, the recommendation of censure by the Committee on Professional Conduct was proportionate to the charges, but in any event it would be necessary that the matter be remitted to respondents for further review, taking into consideration in this particular proceeding that there was no relationship between the offense involved and petitioner's professional ability or capacity and that the offense in no way inhibited her from the proper pursuit of her profession.

KANE, J. P., and MIKOLL, J., concur with WEISS, J.; MAIN and HERLIHY, JJ., concur in part and dissent in part in an opinion by HERLIHY, J.

Determination confirmed, and petition dismissed, without costs.