■ In the Matter of Louis Pozarny, Petitioner, v State of New York et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to subdivision 5 of section 6510 of the Education Law) to review a determination of the respondent Commissioner of Education which suspended petitioner's license as a physical therapist for one year, but stayed execution of the last 10 months of that suspension and placed petitioner on probation for the 10-month period. Petitioner's sole contention in this proceeding is that the penalty imposed by respondent commissioner is arbitrary and capricious, and constitutes an abuse of discretion. We disagree. The misconduct for which the penalty was imposed is based upon petitioner's plea of guilty of the crime of falsifying business records in the second degree, a class A misdemeanor. The plea was accepted in satisfaction of a five-count indictment, arising out of an investigation of certain "donations" accepted by petitioner from the son of a Medicaid patient at a nursing home in Orchard Park, New York. Petitioner, licensed by the Health Department as nursing home administrator, in addition to possessing a license as a physical therapist issued by respondents, operated the nursing home with his partner. Petitioner points out that he has an otherwise unblemished record as a physical therapist; that both the Public Health Council and the Board of Examiners of Nursing Home Administrators had conducted disciplinary proceedings against petitioner which resulted in reprimands based upon findings that petitioner was guilty of an error in judgment; and that he had accepted the "donations" in good faith and had returned all moneys to the donor long before any civil or criminal investigation had begun. The fact remains uncontested, however, that petitioner stands convicted of a crime, thereby providing the basis for a finding of misconduct and for respondent commissioner's exercise of his discretionary power to impose an appropriate penalty (Education Law, §§ 6509, 6511), and the action by the Public Health Council and the Board of Examiners of Nursing Home Administrators did not preclude respondent from arriving at a different result (see *Matter of Pannone v New York State Educ. Dept.*, 54 AD2d 1014). The traditional standard by which the courts review penalties imposed by administrative bodies or officers is whether the punishment is " " "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" ' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233-234). The practical reason advanced for such a limited scope of review is that the administrative body or officer is presumed to possess a "special proficiency and experience * * * not * * * always * * * found in the courts" and "an alertness to and a comprehension of the complexity and sensitiveness" of the relationships involved in the subject matter of the disciplinary proceeding (*Matter of Ahsaf v Nyquist*, 37 NY2d 182, 184-185). In view of petitioner's conviction of the crime of falsifying business records in the second degree, a class A misdemeanor, there is no basis for judicial interference with the administratively imposed penalty which has the effect of suspending petitioner's license as a physical therapist for a period of two months (see *Matter of Pietranico v Ambach*, 82 AD2d 625, affd 55 NY2d 861). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.