■ In the Matter of GABRIEL K. RUBIN, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510-a, subd 4) to annul a determination of the Commissioner of Education which revoked petitioner's license to practice medicine in New York State. ¶ Petitioner's license to practice medicine was revoked upon findings that he had violated article 33 of the Public Health Law and had been guilty of professional misconduct as defined in section 6509 of the Education Law. The charges resulted from petitioner's issuance of two prescriptions for Quaaludes, not in good faith and not in the regular course of professional practice, in exchange for $500, and as the result of his conviction upon his plea of guilty of the crime of attempted falsification of business records in the first degree, a class A misdemeanor. ¶ Petitioner first argues that the finding of guilt on charges Nos. 1 and 2 (issuance of prescriptions on July 31, 1979 and on Aug. 14, 1979) was not supported by substantial evidence. Petitioner contends that since the issues of credibility and weight of the evidence were resolved in his favor in the remaining 10 specifications charging him with fraudulently practicing the profession, it was arbitrary, capricious and irrational to find that same evidence sufficient to support guilt on the other two charges. We disagree. The record contains unrefuted proof that on the two above dates, prescriptions were issued in the name of Robert Brenner, who was not present, and that on the second date, petitioner was given and retained $500 in marked

currency as payment for the prescriptions. It was well within the ambit of respondents to resolve issues of fact and credibility against petitioner and to find that he was negligent, or incompetent, on more than one occasion under subdivision (2) of section 6509 of the Education Law (see *Matter of Pell v Board of Educ.*, 34 NY2d 222, 230). Petitioner also contends that the proof did not show that the prescriptions were not issued in good faith and that the criminal charge resulted only because of the technicality against issuance of a prescription to an absent person. He omits reference to the fact that he pleaded guilty to a crime, an event itself sufficient to comprise misconduct (*Matter of Wernick v New York State Educ. Dept.*, 79 AD2d 776), which constitutes sufficient evidence to permit imposition of an appropriate penalty (*Matter of Pozarny v State of New York*, 92 AD2d 954; *Matter of Chaplan v Ambach*, 91 AD2d 736). ¶ Petitioner's remaining argument, that the penalty of license revocation is disproportionate and excessive, is unpersuasive. The traditional standard by which courts review penalties imposed by administrative bodies or officers is whether the punishment is " ' " ' 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " ' " (*Matter of Pozarny v State of New York*, 92 AD2d 954, *supra*, citing *Matter of Pell v Board of Educ.*, 34 NY2d 222, 233-234, *supra*). This court will not substitute its judgment for that of respondents, who were entitled not only to consider petitioner's acts, but also the harm to the public if such acts remain unpunished, and the possible deterrent effect upon others of a substantial penalty (*Matter of Verrigni v New York State Educ. Dept.*, 92 AD2d 661, 662). Petitioner's abuse of trust regarding controlled substances and respondents' duty to protect the public cannot be disregarded (*Matter of Davis v Ambach*, 91 AD2d 1113-1114). We find the penalty neither shocking nor inappropriate (see *Matter of Widlitz v Board of Regents*, 77 AD2d 690, mot for lv to app den 51 NY2d 706). ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.