■ In the Matter of HENRY YELYN, Petitioner, v. NEW YORK STATE BINGO CONTROL COMMISSION, Respondent.— REYNOLDS, J. Proceeding brought pursuant to article 78 of the CPLR to review a determination of the New York State Bingo Control Commission dismissing petitioner from his position as a Bingo Control Investigator, after a hearing held pursuant to section 75 of the Civil Service Law. Petitioner urges that the board's determination of his guilt of " the crime of forgery within the intent and meaning of section 170 of the Penal Law " by indorsing a check payable to a fellow employee and appropriating its value to his own use is not supported by substantial evidence and that in any event the punishment of dismissal from his position as a Bingo Control Investigator was, upon the record, unreasonable, arbitrary and capricious. Petitioner admitted at the hearing that on January 23, 1968 he received in an envelope addressed to him an expense check payable to a fellow investigator, that a few days later he received from the fellow investigator an expense check payable to his order and that on February 19, 1968 he indorsed the check made out to the fellow employee with the fellow employee's name, then signed his own name beneath and negotiated the check in partial payment for a personal bill. Despite this admission petitioner asserts that his acts constituted a mistake and would not have happened except for the idiosyncrasies of his personal bookkeeping. In view of the fact that he received his own expense check as well as the expense check of the fellow employee and that he concededly signed the fellow employee's name to the check before signing his own name, the board did not have to accept his explanation of mistake and inadvertance and could properly find the charge sustained. With respect to the issue of punishment, considering the responsibilities inherent in petitioner's position, we cannot say that the punishment here imposed is so disproportionate to the offense as to warrant the substituting of our judgment for that of the administrative agency (*Matter of Walker* v. *Murphy*, 15 N Y 2d 650; *Matter of Payton* v. *New York City Tr. Auth.*, 8 N Y 2d 737; *Matter of Russell* v. *Stewart*, 30 A D 2d 749; *Matter of Scardaccoine* v. *Allen*, 28 A D 2d 751). Determination confirmed, without costs, and petition dismissed. Gibson, P. J., Reynolds, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Reynolds, J.