■ In the Matter of JOHN A. DURANTE, Petitioner, v BOARD OF REGENTS OF THE STATE UNIVERSITY OF NEW YORK, Respondent.—Proceeding instituted in this court pursuant to subdivision 4 of section 6510 of the Education Law to review a determination of the Board of Regents suspending petitioner's license to practice nursing for a period of two years upon each of two specifications of charges of which petitioner was found guilty, said suspensions to run concurrently, with execution of the suspensions stayed and petitioner placed on probation for a period of two years. In 1967, petitioner was convicted under Federal law of obtaining marihuana without having paid the transfer tax thereon. In 1969, he was convicted under Federal law of smuggling into the United States a quantity of marihuana which should have been invoiced, and in 1975 he was convicted of attempted criminal possession of a weapon in the third degree. A proceeding was commenced on March 29, 1977 to revoke petitioner's license to practice nursing predicated on the afore-mentioned convictions. Following a hearing, petitioner was found guilty as charged. His license was suspended for two years but the suspension was stayed and petitioner was placed on probation for two years. The instant proceeding was thereafter commenced. Initially, petitioner contends that respondent's determination was arbitrary, capricious and an abuse of discretion. In support of this contention petitioner maintains that the convictions are "stale", that the amount of marihuana involved was relatively small, and that the circumstances surrounding his weapons conviction indicate a lack of intent to use the weapon to commit a crime. Petitioner also avers a change of attitude in New York State as far as involvement with marihuana is concerned, citing article 221 of the Penal Law. None of these factors, however, pertain to respondent's authority to take action concerning petitioner's license to practice nursing but, rather, are properly addressed to the measure of discipline imposed. Subdivision (5) of section 6509 and section 6511 of the Education Law clearly authorize suspension or revocation of a nurse's license upon proof that the licensee was convicted of committing an act constituting a crime under New York State or Federal law. Concededly, petitioner has been convicted, and the issue of guilt could not be relitigated in the disciplinary proceeding (cf. *Matter of Levy,* 37 NY2d 279). We also reject petitioner's contention that respondent erred in failing to comply with specific sections of article 23-A of

the Correction Law. This court has recently held that article 23-A applies only to the "application" for a license by a person previously convicted of a crime and not to the discipline of a person already licensed *(Matter of Mosner v Ambach,* 66 AD2d 912). Considering the record in its entirety, we are unable to say that the punishment imposed is shocking to one's sense of fairness. Consequently, we should not disturb it *(Matter of Pell v Board of Educ.,* 34 NY2d 222). We have considered petitioner's remaining arguments and find them unpersuasive. The determination, therefore, should be confirmed. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.