OPINION OF THE COURT
John R. Tenney, J.
Petitioner, a City of Rome fireman, was dismissed from his position following a formal hearing pursuant to section 75 of the Civil Service Law. The petitioner had previously been convicted of 10 counts of offering a false instrument for filing (class E felony) and two counts of violating article 28 of the Tax Law (misdemeanor), all of which convictions related to a New York State sales tax matter arising out of a private business unrelated to petitioner’s position as a fireman.
In this CPLR article 78 proceeding no factual issues are raised. Rather, petitioner relies on CPLR 7803 (subd 3) and argues that the respondent’s determination was “affected by an error of law or was arbitrary and capricious or an abuse of discretion”. Hence, the matter should not be transferred to the Appellate Division under CPLR 7804 (subd [g]).
*537 Petitioner relies upon sections 701 and 752 of the Correction Law. At the sentencing following his criminal convictions petitioner was granted a “Certificate of relief from disabilities” by the court. With respect to such certificates, subdivision 2 of section 701 states: “Notwithstanding any other provision of law, a conviction of a crime or of an offense specified in a certificate of relief from disabilities shall not cause automatic forfeiture of any license, permit, employment or franchise * * * Nor shall such conviction be deemed to be a conviction within the meaning of any provision of law that imposes, by reason of a conviction, a bar to any employment”. Petitioner argues that the failure of respondent to recognize and apply this section is grounds for annulment of the determination.
This argument is without merit. Section 701 goes on to state, in subdivision 3, that such a certificate “shall not, however, in any way prevent any judicial, administrative, licensing or other body, board or authority from relying upon the conviction specified therein as the basis for the exercise of its discretionary power”. Although criminal activity may form a basis for disciplinary action under section 75 of the Civil Service Law (Matter of Yelyn v New York State Bingo Control Comm., 32 AD2d 578), dismissal is not automatic or mandatory. Since petitioner’s dismissal was based upon respondent’s discretionary power, the determination “was authorized despite petitioner’s certificate of relief from disabilities”. (Matter of Alaimo vAmbach, 91 AD2d 695, 696.)
Petitioner’s reliance upon section 752 of the Correction Law is similarly misplaced. That section states:
“No application for * * * employment * * * shall be denied by reason of the applicant’s having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of ‘good moral character’ when such finding is based upon the fact that the applicant has previously been convicted of one or more criminal offenses, unless:
“(1) there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought; or
“(2) the issuance of the license or the granting of the employment would involve an unreasonable risk to prop *538 erty or to the safety or welfare of specific individuals or the general public.”
It has been held that the section “ ‘by its terms applies only to the “application” for a license by a person previously convicted of a crime (see Correction Law, § 751); it has no bearing on disciplinary proceedings against persons already licensed’ (Matter of Mosner v Ambach, 66 AD2d 912; see, also, Matter of Durante v Board of Regents of State Univ. of N.Y., 70 AD2d 692, opp dsmd 48 NY2d 654).” (Matter of Pietranico u Ambach, 82 AD2d 625, 626, affd 55 NY2d 861.)
Even if the section were held applicable, the respondent’s determination falls within the two exceptions to section 752 of the Correction Law. It states: “Although Fireman Pisano’s proven misconduct did not occur while acting in his capacity as a City of Rome fireman, the nature of the misconduct is such as to henceforth question the honesty and integrity of a quite visible public employee, the public trust placed in such employee has been sufficiently violated so as to render future performances impracticable under the circumstances.” Here, there is a rational basis in the record to support the determination of the commissioner. “[I]t is not the prerogative of a reviewing court to substitute its judgment for that of the agency’s determination when the record reasonably supports the agency’s conclusion” (Matter of Freyman v Board of Regents, 79 AD2d 719, 720). Thus, the determination should be confirmed, and the petition dismissed.