■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of FRANCISCO MAYMI, Petitioner, v SORRENTO CHEESE COMPANY, INC., Respondent.—Determination unanimously annulled, on the law, without costs, and petition granted to the extent of remitting the matter to the State Division of Human Rights for further proceedings on the complaint. Memorandum: In this proceeding pursuant to Executive Law § 298, petitioner seeks to annul the determination of the New York State Division of Human Rights that there is no probable cause to believe that respondent unlawfully discriminated against him on the basis of his arrest record.

Petitioner filed an application for employment by respondent. The application inquired whether petitioner had ever been convicted of a crime. He answered "No". He commenced temporary employment at respondent's plant on August 18, 1983. His job performance was satisfactory and on April 18, 1984 he was advised that he was being considered for permanent employment and, in accordance with respondent's custom, he was placed on a 30-day probationary period. Respondent alleges that during the probationary period it made inquiry into petitioner's criminal record and learned that petitioner had previously been convicted of disorderly conduct *(see,* Penal Law § 240.20 [7]). Petitioner's employment was suspended on May 17, 1984 and he has not since been called back to work by respondent.

It was respondent's contention before the Division that petitioner's employment was terminated because he gave false information on his employment application as to his criminal record. The Division adopted respondent's argument and concluded that the evidence was insufficient to demonstrate that petitioner was unlawfully discriminated against because of his arrest record.

There must be a rational basis in the record to support a

determination of no probable cause *(State Div. of Human Rights v Stanmor Liq. Co.,* 107 AD2d 1056; *State Div. of Human Rights v Ingersoll-Rand Co.,* 106 AD2d 917). A determination unsupported by a rational basis is arbitrary and capricious, and must be annulled *(State Div. of Human Rights v Gaylord Bros.,* 112 AD2d 726; *State Div. of Human Rights v Hatch Assoc. Consultants,* 110 AD2d 1049).

It is as much a violation of the Human Rights Law to discriminate against a person because of an arrest *(see,* Executive Law § 296 [16]) or a conviction for a criminal offense *(see,* Executive Law § 296 [15]) as it is to discriminate against that person because of an erroneously perceived conviction for a crime. Under Penal Law § 10.00 (6), a crime is defined as "a misdemeanor or a felony". Petitioner was convicted of neither. Disorderly conduct (Penal Law § 240.20 [7]) is a "violation", which is defined as an "offense, other than a 'traffic infraction', for which a sentence to a term of imprisonment in excess of fifteen days cannot be imposed." (Penal Law § 10.00 [3].) Thus, petitioner truthfully answered the question on the employment application and he has clearly demonstrated probable cause to believe that respondent unlawfully discriminated against him on account of his conviction for a criminal offense. (Proceeding pursuant to Executive Law § 298.) Present —Dillon, P. J., Doerr, Denman, Boomer and Pine, JJ.