■ In the Matter of SOLLY M. SCHEINER, Petitioner, v BOARD OF REGENTS OF THE STATE OF NEW YORK, Respondent.— Casey, J. P. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of the Commissioner of Education which, *inter alia,* suspended petitioner's license to practice medicine in New York for one year.

On or about March 28, 1985, petitioner, a physician specializing in obstetrics and gynecology with an unblemished record of practice spanning 30 years, was found by the Commissioner of Health to be in violation of Public Health Law article 33. This finding was based on a formal stipulation in which petitioner admitted that on at least 23 occasions from July 9, 1980 to June 17, 1982 he issued prescriptions for a schedule II controlled drug, Quaalude 300 mg, in quantities which, if issued as directed, would exceed a 30-day supply in violation of Public Health Law § 3332 (3) and § 3304 (a). Petitioner also

admitted violating Public Health Law § 3332 (4) by failing to retain for five years copies of each of 100 official New York prescriptions issued by him, and violating Public Health Law § 3338 (1) by prescribing Quaalude 300 mg on eight occasions by using nontransferable official New York prescription forms issued to another physician. The charges dating from as far back as 1982 concerned only one patient, petitioner's estranged wife, and involved no other patients. The estranged wife submitted an affidavit on petitioner's behalf attesting to the beneficial effect of the drugs on her, their "therapeutic benefits" and at no time did petitioner profit from these prescriptions.

Based upon the finding of the Commissioner of Health, the Office of Professional Medical Conduct charged petitioner with professional misconduct under Education Law § 6509, and petitioner appeared before the Regents Review Committee (Public Health Law § 230 [10] [m] [iv] [expedited procedure]) on April 7, 1987 to offer evidence in mitigation of the penalty. Having presented the affidavits from his estranged wife, his former attorney and other physicians, and persons attesting to his competency and long unblemished record, petitioner attempted to testify to the facts and circumstances underlying the charges. The testimony was precluded on the basis of the prior stipulation by petitioner. The Committee found petitioner guilty of the charge, and recommended a fully stayed one-year suspension and probation. The Committee noted that it had considered, in mitigation of discipline, petitioner's prior unblemished record of 30 years, that the misconduct concerned a family member and that it last occurred in 1982. Respondent adopted the Committee's recommendation in full, and the Commissioner of Education issued an order effectuating the vote of the Committee, resulting in this proceeding.

Petitioner contends that the determination was made in violation of lawful procedure because it precluded his testimony as to "the nature and circumstances of the charge involved". Pursuant to Public Health Law § 230 (10) (m) (iv), the evidence in an expedited hearing is "limited to evidence and testimony relating to the nature and severity of the penalty to be imposed upon the licensee" *(see, Matter of Dragan v Commissioner of Educ. of State of N. Y.,* 142 AD2d 846, 848). We agree with petitioner's contention that evidence concerning the nature and circumstances of the underlying violation is admissible on the issue of the nature and severity of the penalty to be imposed *(see, Matter of Diamond v Sobol,* 145 AD2d 786). Petitioner is not seeking to controvert his

guilt of the underlying charges to which he stipulated; rather, he seeks only to establish that his conduct was a technical violation, justifying only the least severe penalty.

During the course of the hearing, the Committee refused to permit testimony from petitioner concerning the nature and circumstances of the underlying violation on the theory that he was precluded from doing so by his stipulation of guilt. When the objection to petitioner's testimony was sustained, petitioner was reading from an affidavit prepared by him, which was offered into evidence along with several other affidavits relating to the nature and circumstances of the underlying violation. After initially refusing to admit these affidavits into the record, the Committee reserved decision on their admissibility, and in its report on the matter, the Committee unanimously ruled that petitioner's exhibits were accepted and were a part of the record. We conclude, therefore, that any error committed by the Committee in its ruling during the hearing was effectively cured by its acceptance into the record of the written evidence offered by petitioner. The Committee expressly noted that it had reviewed and considered the entire record and that on the issue of the penalty it had considered all of the circumstances. The penalty imposed of a fully stayed one-year suspension and probation reflects such consideration, and we conclude that, in the circumstances, the penalty is not shockingly severe *(see, Matter of Nadell v Ambach,* 136 AD2d 804, 806).

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.