In the Matter of EDWARD M. BERKELHAMMER, Petitioner, v THOMAS SOBOL, as Commissioner of Education, Respondent.

Third Department, June 22, 1989

### APPEARANCES OF COUNSEL

*Wood & Scher (William L. Wood, Jr.,* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Raymond J. Foley* of counsel), for respondent.

### OPINION OF THE COURT

LEVINE, J.

Petitioner is a physician licensed to practice medicine in New Jersey and New York. In 1985, a professional disciplinary proceeding was commenced against petitioner in New Jersey charging him with gross malpractice, gross incompetence and gross negligence with respect to the death of "patient K.Z.", and other specifications of negligence, incompetence and professional misconduct under New Jersey law. In July 1986, the New Jersey State Board of Medical Examiners issued a final decision and order finding petitioner guilty of four counts of misconduct and imposing a penalty of five years' suspension of his license to practice medicine in New Jersey, 2 active and 3 stayed to constitute a period of probation. Petitioner was further directed to undergo psychiatric evaluation and to pay civil penalties.

A few months later, the New York State Board for Professional Medical Conduct commenced a direct referral proceeding against petitioner based solely on the New Jersey disciplinary proceeding *(see,* Education Law § 6509 [5] [b]; Public Health Law § 230 [10] [m] [iv]). While the New York proceeding was pending, the New Jersey determination was affirmed

by the Appellate Division of the Superior Court of New Jersey. The Regents Review Committee determined that petitioner was guilty of professional misconduct as defined by Education Law § 6509 (5) (b) and recommended suspension of his license to practice medicine in New York for a period of 5 years with 4½ years stayed, constituting a probationary period. Respondent ultimately adopted the findings and recommendation of the Review Committee. Petitioner thereafter commenced this proceeding to annul respondent's determination.

Petitioner's first contention is that New York's direct referral proceeding was commenced prematurely under Public Health Law § 230 (10) (m) (iv) since petitioner had not yet exhausted his appeal of the New Jersey determination in that State. Public Health Law § 230 (10) (m) (iv) states, in pertinent part: "In cases of professional misconduct based solely upon a violation of *subdivision five of section sixty-five hundred nine of the education law or* based solely upon a finding of a violation of a state or federal statute or regulation pursuant to a final decision or determination of an agency having the power to conduct the proceeding and after an adjudicatory proceeding has been conducted, *in which no appeal is pending,* or after resolution of the proceeding by stipulation or agreement, and where the violation resulting in the final decision or determination would constitute professional misconduct pursuant to section sixty-five hundred nine of the education law, the commissioner may direct charges be prepared and served and may refer the matter directly to a regents review committee" (emphasis supplied).

According to petitioner, the phrase "in which no appeal is pending" was intended to bar all direct referral proceedings while an appeal from the underlying predicate decision or judgment is pending. The language relied on by petitioner was added to Public Health Law § 230 (10) (m) (iv) as part of an amendment intended to expand the direct referral procedure to all cases of professional misconduct as defined in Education Law § 6509, where before it was only authorized in cases premised on a violation of Education Law § 6509 (5) (L 1986, ch 266, § 26; *Matter of Saleem v Commissioner of Educ.,* 133 AD2d 953; *see,* Governor's Bill Jacket, L 1986, ch 266, Governor's Program Bill, at 3, 8).

Respondent argues that the language requiring no pending appeal is applicable only to the new class of cases which are directly referrable and that there was no intention to modify

the existing procedures for cases premised solely upon a violation of Education Law § 6509 (5). Under these procedures, an expedited proceeding could be commenced based on, *inter alia,* a criminal conviction or an out-of-State disciplinary adjudication without regard to a pending judicial appeal *(see, Matter of Kirsch v Board of Regents,* 79 AD2d 823, 824, *lv denied* 53 NY2d 602, *appeal dismissed* 53 NY2d 795).

▓ In our view, the plain meaning of the statute's language supports respondent's position, in particular, the inclusion of the word "or" after reference to Education Law § 6509 (5) (Public Health Law § 230 [10] [m] [iv]). Moreover, nothing in the statute's legislative history indicates that the amendment to Public Health Law § 230 (10) (m) (iv) was intended to add a new absence of appeal prerequisite to cases based solely on a violation of Education Law § 6509 (5). We will not lightly infer such a significant procedural change in the absence of a clear indication that this was the Legislature's intent *(cf., Matter of Incorporated Vil. of Hempstead v Public Employment Relations Bd.,* 137 AD2d 378, 382, *lv denied* 72 NY2d 808). Accordingly, we reject petitioner's contention and conclude that the direct referral proceeding was properly commenced.

▓ We also reject petitioner's contention that New Jersey's disciplinary procedures violate due process by permitting the State Attorney-General's office to prosecute cases of professional misconduct and also advise the State Board of Medical Examiners with respect to such cases. Petitioner concedes that a lawyer from the Attorney-General's office is not permitted to advise the Board on the same matter in which he is serving as prosecutor. The mere fact that the Attorney-General's office maintains a dual role is not a per se violation of due process in either New Jersey *(Matter of Polk,* 90 NJ 550, 449 A2d 7) or New York *(see, Matter of Cole v New York State Dept. of Educ.,* 94 AD2d 904, *lv denied* 60 NY2d 556; *Komyathy v Board of Educ.,* 75 Misc 2d 859).

MAHONEY, P. J., WEISS, MIKOLL and YESAWICH, JR., JJ., concur.

Determination confirmed, and petition dismissed, without costs.