■ In the Matter of TEARENCE L. RODGERS, Appellant, v NEW YORK CITY HUMAN RESOURCES ADMINISTRATION/DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Judgment of the Supreme Court, New York County (Edward Greenfield, J.), entered on June 14, 1988, which dismissed petitioner's CPLR article 78 petition, unanimously reversed, on the law, the facts and in the interest of justice, without costs and without disbursements, the petition reinstated, and the matter remanded for further proceedings consistent with this determination.

This appeal concerns the termination of petitioner's employment as a caseworker based solely upon allegedly false statements on his 1985 employment application that he had no criminal record. Petitioner contended that his discharge was arbitrary, capricious, an abuse of discretion and in violation of Executive Law (Human Rights Law) § 296 (16) because he had obtained certificates of relief from civil disabilities (with the box checked for "relieve the holder of all disabilities and bars to employment") as to the two misdemeanor crimes of which he had been convicted as an adult. Petitioner argued that, in any event, he had given his employer actual notice of the existence of these matters, because although he was in receipt of a letter from his defense attorney that his convictions had been "sealed", he submitted copies of not only the certificates, but also the dispositions of his criminal cases along with his

application.[1] Moreover in addition to notifying the Department of his involvements with the criminal justice system, in 1985 he was questioned by an investigator from the Department of Personnel, one Mr. S. Honig, about the apparent inconsistency. Subsequently, petitioner was informed that there would be no further problems with his application.[2] Two years later, in December 1987, petitioner was terminated, although he had received grades of "outstanding" and "superior" on his performance review. At that time, George Walker, Assistant Director of Personnel, stated that the sole basis of petitioner's termination was his alleged failure "to admit his conviction record on his employment application."[3]

Supreme Court summarily held that "respondent's termination of petitioner's employment was neither arbitrary, capricious [nor] an abuse of discretion;" petitioner now appeals. Petitioner, born in 1951, had two adult convictions, which are the focus of the matter herein appealed from. First, in 1972, petitioner was convicted of possession of a dangerous drug, a class A misdemeanor, for which he received, and successfully completed, a sentence of three years' probation. The second conviction, of conspiracy in the fifth degree, was also a class A misdemeanor, for which he received an unconditional discharge in 1984, 12 years later. Petitioner was granted certificates of relief from civil disabilities as to these matters in 1983 and 1984, respectively.

Article 23-A of the New York State Correction Law was enacted to prevent unfair discrimination in the licensure and employment of individuals who had been convicted of crimes. (See, Matter of Schmidt & Sons v New York State Liq. Auth., 52 NY2d 751, 753-754 [1980].) In fact, Correction Law § 701 (2) expressly provides "[n]or shall such conviction [specified in the certificate] be deemed to be a conviction within the meaning

---

1. While respondent contends that it was not in receipt of these papers at the time of application, it is beyond dispute that it had actual notice of the subject convictions in 1985 and permitted petitioner to retain his position after questioning.

2. Mr. Honig subsequently left the Department, and petitioner was informed by one Ms. G. Pierce that Honig's file had been "misplaced."

3. While there is an allegation by respondent that petitioner failed to respond when given notice that action against him was imminent, the record reflects that petitioner telephoned the investigator then assigned, one B. Higgins, who told him there would be a review of the case, and that petitioner would be informed of the outcome. Petitioner, who did not communicate again with respondent until after the determination of the Personnel Department, was then accused of failing to respond, because he did not send a follow-up letter.

of any provision of law that imposes, by reason of a conviction, a bar to any employment". Thus, a certificate of relief from civil disabilities bars forfeiture of employment based upon State law. *(Nass v Local 348,* 503 F Supp 217, 219 [ED NY 1980], *affd* 657 F2d 264 [2d Cir 1981].)

The very purpose of these mechanisms is to permit an individual who has made mistakes but has been rehabilitated to begin anew and become a productive member of society. The facts in this case plainly show that the certificates granted petitioner in fact "amount * * * to a badge of rehabilitation." *(Nass v Local 348,* 503 F Supp, *supra,* at 220.) Indeed, petitioner, who became a "superior", if not "outstanding" caseworker for the disadvantaged, and showed great promise in the community, should be enabled to continue to be a valuable member of society, rather than be relegated to a life of crime due to this baseless allegation that he was anything less than forthcoming about his past. In fact, it would seem that petitioner has been punished for his candor, rather than any lack thereof, given that he apparently annexed documentation of his dispositions and the certificates to his job application, and in any event, had extensive discussions with investigators from personnel as to these matters around the time of his application.

Finally, while respondent notes that this court dismissed a petition in *Matter of Stewart v Civil Serv. Commn.* (84 AD2d 491), in that case, the petitioner had three prior convictions, two of which were violent felonies, none of which was either sealed or the subject of a certificate of relief from civil disabilities.

We therefore conclude that to summarily dismiss this petition, without so much as a fact-finding hearing, and thus allow petitioner to be fired solely because of an alleged failure, made in good faith and on advice of counsel, to state the existence of two misdemeanor convictions, which were the subject of the certificates of relief from civil disabilities, seems contrary to the intent of both the Legislature which enacted the statutory relief for the furtherance of public interest (Correction Law § 702 [2] [c]), and the courts which saw fit to grant petitioner a second chance at life. We are persuaded that Supreme Court erred in summarily dismissing the instant petition and therefore reverse the order appealed from, reinstate the petition and remand the matter for further proceedings consistent with this determination, including a fact-finding hearing so that both petitioner and respondent are afforded an opportunity to present any evidence concerning the relevant issues.

Concur—Kupferman, J. P., Carro, Ellerin, Smith and Rubin, JJ.