OPINION OF THE COURT
Dan Lamont, J.
Respondent makes application for an order restoring and reinstating his pistol license revoked by this court by order dated September 29, 1989.
The respondent’s pistol license was issued on March 23, 1978, by the County Court, Dutchess County — which also issued a duplicate permit to respondent on October 1, 1987. Upon becoming a resident of Schoharie County, respondent *658 properly applied to have his records transferred to Schoharie County (Penal Law § 400.00 [5]).
On September 28, 1989, respondent submitted a pistol license amendment form seeking to add a .22 calibre Colt revolver (serial No. 188779F) to his pistol license. Respondent disclosed that he had been arrested since his license was issued, and gave the following details:
"4/ Z87-88 state police
"Sex misconduct Town Dover Plains, N.Y.
"9 month probation 12522”.
A check with the State of New York, Division of Criminal Justice Services reveals that the respondent was actually arrested by State Police, Dover Plains, New York, on April 24, 1988 for the violent felony of assault with intent to cause physical injury with a weapon (Penal Law § 120.05) a class D felony, rape in the third degree (Penal Law § 130.25), a class E felony, and endangering the welfare of a child (Penal Law § 260.10), a class A misdemeanor. On October 19, 1988, respondent was convicted upon his plea of guilty in Town Court, Dover Plains, of sexual misconduct (Penal Law § 130.20), a class A misdemeanor, and was sentenced to three years’ probation.
An investigation report dated September 29, 1989 from Schoharie County Under-Sheriff John S. Bates, Jr., indicates that Senior Investigator Lou Battistelli, State Police, Dover Plains, states that Valhos was charged with assault for striking and injuring an 18-year-old male. During the course of the investigation, it was determined that the assault occurred as a result of Valhos having sexual relations with the 18 year old’s girlfriend who was 16. Subsequent investigation indicated that Valhos had relations with this female over a two-year period, with her consent. He was subsequently charged with rape, third degree.
The respondent’s application to restore and reinstate his pistol permit indicates that the charge of rape in the third degree was reduced to sexual misconduct — to which the defendant pleaded guilty, and that the charge of assault in the second degree was reduced to assault in the third degree and dismissed along with the charge of endangering the welfare of a child. The Town Justice issued a certificate of relief from civil disabilities dated October 19, 1988 — specifically stating that the respondent may retain any and all pistol permits.
Penal Law § 400.00 (11) provides that: "The conviction of a *659 licensee anywhere of a felony or serious offense shall operate as a revocation of the license.” (Emphasis supplied.) Penal Law § 265.00 (17) (b) provides that any offense defined in Penal Law article 130 is a serious offense; therefore, sexual misconduct constitutes a "serious offense”.
Although a certificate of relief from civil disabilities issued by a County Court may arguably remove the statutory bar to apply for or receive a pistol license (1975 Atty Gen [Inf Opns] 306; 1971 Opns Atty Gen 8), a local criminal court clearly does not constitute a licensing authority charged with the issuance and regulation of pistol licenses in the State of New York. Therefore, this court holds and determines that a local criminal court cannot properly remove the statutory prohibition as enacted by the Legislature that the conviction of a licensee anywhere of a serious offense shall operate as a revocation of the license.
Correction Law § 702 (1) provides that any court of this State may, in its discretion, issue a certificate of relief from disabilities to an eligible offender for a conviction that occurred in such court. However, Correction Law § 701 (3) specifically provides as follows: "A certificate of relief from disabilities shall not, however, in any way prevent any judicial, administrative, licensing or other body, board or authority from relying upon the conviction specified therein as the basis for the exercise of its discretionary power to suspend, revoke, refuse to issue or refuse to renew any license, permit or other authority or privilege.” (Emphasis supplied.)
Based upon the mandatory language and automatic revocation as set forth in Penal Law § 400.00 (11), this court holds and determines that the respondent’s pistol permit was revoked as a matter of law upon his conviction for sexual misconduct.
Furthermore, this court holds and determines in the exercise of its discretionary power that the respondent’s pistol license should be and has properly been revoked. The conviction standing alone also constitutes a sufficient ground for discretionary revocation, and the additional facts and circumstances surrounding the respondent’s nondisclosed arrest for the violent class D felony of assault in the second degree (with intent to cause physical injury with a weapon) constitute additional grounds for discretionary revocation.
Lastly, the order of revocation dated September 29, 1989, directs the respondent to deliver his pistol license to this office *660 or to any law enforcement officer in the State of New York, and that any law enforcement officer in the State of New York shall take possession of respondent’s handguns, to be delivered to the Schoharie County Sheriff for safekeeping. Notwithstanding substantial efforts by a Deputy Sheriff to obtain respondent’s pistol license and handguns, the respondent did not surrender his pistol license until October 27, 1989, and by then had delivered his handguns to a dealer in Pawling, Dutchess County, on October 26, 1989. His failure to promptly and fully comply with the order of revocation could well form the basis of criminal charges for illegal possession of a firearm, and also constitutes an additional discretionary ground for this court to continue the order of revocation.
For all of the foregoing reasons, the respondent’s application to restore and reinstate his pistol license should be and the same hereby is denied.