■ In the Matter of FRANK PAIANO, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice as a physician's assistant in New York.

Following his licensure as a physician's assistant by New York on June 20, 1980, petitioner enrolled in medical school at the Universidad Del Noreste in Tampica, Mexico. After completing two semesters of study, petitioner left that institution and continued his studies at Cetec University of Medicine in Santo Domingo, Dominican Republic. Petitioner apparently completed his clinical study at hospitals within the United States and was graduated from Cetec in June 1983.

Petitioner subsequently sought and obtained temporary li-

censure as a physician and began training as a medical resident at Worcester Hospital in Massachusetts during the summer of 1983. In November 1983, petitioner left that institution and accepted a similar post at St. Luke's Hospital in Missouri. While at St. Luke's, petitioner was notified by the Missouri State Board of Healing Arts that his license was temporarily suspended pending investigation of the validity of his medical degree. In October 1984, he was informed by Missouri that his temporary license was revoked.

Upon his return to New York, petitioner was charged in Federal court with the crime of mail fraud (18 USC § 1341) as the result of his scheme to defraud Massachusetts by having false education transcripts forwarded from Cetec University to that jurisdiction's medical licensing authority. Petitioner pleaded guilty to that charge and was sentenced to a term of imprisonment of one year and one day, of which he served seven months.

Thereafter, petitioner was charged with professional misconduct as a physician's assistant pursuant to Education Law § 6509 (5) (a) (ii), which defines professional misconduct as being convicted of committing an act constituting a crime under Federal law. Pursuant to Public Health Law § 230 (10) (m) (iv), a Regents Review Committee conducted a hearing. Thereafter, the Committee issued a report finding that the charge had been proven and recommended revocation of petitioner's physician's assistant license. Respondent Board of Regents accepted the report and respondent Commissioner of Education revoked petitioner's license. This CPLR article 78 proceeding to review that determination ensued.*

The determination should be confirmed and the petition dismissed. Initially, we reject petitioner's contention that his conviction upon his guilty plea in Federal court may not form the basis for professional discipline because it was constitutionally invalid. Petitioner now argues that he did not admit at the plea hearing that he knew false transcripts would be forwarded by Cetec University and that he believed that he was duly graduated from that institution and had no reason to expect that false transcripts would be sent. While petitioner's state of mind regarding his status as a graduate of medical college might have provided a questionable basis for appealing his conviction of a Federal crime, we have held that a medical professional may be found guilty of misconduct under Education Law § 6509 (5) (a) based solely upon proof of conviction

---

*Petitioner's motion for a stay pending appeal was denied by this court, as was petitioner's motion to reargue the denial of the stay.

*(see, Matter of Durante v Board of Regents,* 70 AD2d 692, *appeal dismissed* 48 NY2d 654 [guilt of underlying crime could not be litigated in disciplinary proceeding]). This rule has been applied even when the professional misconduct charges are prosecuted while an appeal is pending in the underlying conviction *(see, Matter of Kirsch v Board of Regents,* 79 AD2d 823, 824, *lv denied* 53 NY2d 602, *appeal dismissed* 53 NY2d 795; *see also, Matter of Berkelhammer v Sobol,* 147 AD2d 265, 268). We conclude, therefore, that the fact that the underlying conviction may ultimately be reversed has no impact on a finding of professional misconduct under Education Law § 6509 (5) (a) *(see, Matter of Kirsch v Board of Regents, supra,* at 824).

Because we find the constitutionality of petitioner's conviction in Federal court irrelevant for purposes of this disciplinary proceeding, petitioner cannot be said to have been deprived of due process by the denial of his request to testify as to why he pleaded guilty, particularly given that he was expressly granted permission to present evidence in mitigation of his crime *(see, e.g., Scheiner v Board of Regents,* 146 AD2d 957, 958). Lastly, we hold that the penalty of license revocation is not shocking to one's sense of fairness and should not be disturbed.

Casey, Weiss, Mikoll and Harvey, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.