Requestor: Hon. Matthew T. Crosson, Chief Administrator of the Courts Office of Court Administration 270 Broadway New York, New York 10007
Written by: Robert Abrams, Attorney General
You have requested our opinion as to whether a convicted felon who has received a certificate of relief from disabilities issued by a court or the Board of Parole, or a certificate of good conduct issued by the Board of Parole is qualified to sit as a juror.
You state that section 510 of the Judiciary Law provides in pertinent part that
"In order to qualify as a juror a person must
. . .
4. Not have been convicted of a felony".
You state that since section 510 speaks in terms of qualifications rather than disabilities, that even when individuals convicted of a felony receive certificates of relief from disabilities or certificates of good conduct, they are nonetheless not considered qualified to sit as jurors by some commissioners of jurors. Other commissioners, however, believe that a certificate relieves the statutory bar.
You have asked for our opinion in light of the serious consequences of allowing ineligible jurors to serve on a particular case. Section 510
of the Judiciary Law provides:
"In order to qualify as a juror a person must:
 1. Be a citizen of the United States, and a resident of the county.
2. Be not less than eighteen years of age.
 3. Not have a mental or physical condition, or combination thereof, which causes the person to be incapable of performing in a reasonable manner the duties of a juror.
4. Not have been convicted of a felony.
 5. Be intelligent, of good character, able to read and write the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification questionnaire, and be able to speak the English language in an understandable manner."
Section 511 of the Judiciary Law provides that the following individuals are disqualified from serving as a juror:
 "1. Members in active service in the armed forces of the United States;
 2. Elected federal, state, city, county, town or village officers;
 3. The head of a civil department of the federal, state, city, county, town or village government, members of a public authority or state commission or board and the secretary to the governor;
 4. A federal judge or magistrate or a judge of the unified court system."
The Judiciary Law also provides that certain persons are exempt from serving as a juror upon claiming the exemption, such as police officers and attorneys engaged in the practice of law, and provides for the granting of excuses from part or all of jury service and for postponements under specified circumstances. Judiciary Law §§ 512,517.
Section 701 of the Correction Law provides that a certificate of relief from disabilities relieves an eligible offender of
 ". . . any forfeiture or disability, or to remove any bar to his employment, automatically imposed by law by reason of his conviction to the crime or of the offense specified therein . . .".
The section further provides that
 ". . . a conviction of a crime or of an offense specified in a certificate of relief from disabilities shall not cause automatic forfeiture of any license, permit, employment or franchise, including the right to register for or vote at an election, or automatic forfeiture of any other right or privilege, held by the eligible offender and covered by the certificate. Nor shall such conviction be deemed to be a conviction within the meaning of any provision of law that imposes, by reason of a conviction, a bar to any employment, a disability to exercise any right or a disability to apply for or to receive any license, permit or other authority or privilege, covered by the certificate." Id., § 701(2).
Section 703-a of the Correction Law provides that a certificate of good conduct may be granted to
 "relieve an individual of any disability, or to remove any bar to his employment, automatically imposed by law by reason of his conviction to the crime or of the offense specified therein".
This legislation was enacted primarily to prevent recidivism and help individuals who had been convicted of no more than one felony to obtain gainful employment and licenses which ordinarily would have been precluded automatically by a felony conviction. Bill Jacket, L 1976, ch 931. The granting of a certificate of relief from disabilities or for good conduct, however, does not mean that an individual may deny that he has been convicted of a felony. 1981 Op Atty Gen (Inf) 124. The individual must admit that he has been convicted of a felony and then indicate that he received a certificate.
Both a certificate of relief from disabilities and a certificate of good conduct may, by their terms, be limited to one or more enumerated forfeitures, disabilities or bars or may relieve the individual of all forfeitures, disabilities and bars. Correction Law §§ 701(1),703-a(1).
The Correction Law specifically provides that a certificate of relief from disabilities or for good conduct does not prevent a judicial, administrative, licensing or other board or authority from relying upon the conviction as the basis of its discretionary power to suspend, revoke, refuse to issue or refuse to renew any license, permit or other authority or privilege. Id., § 701(3).
We note that section 701(2) of the Correction Law, dealing with a certificate of relief from disabilities, provides that conviction of a crime or offense specified in a certificate shall not cause automatic forfeiture of any franchise "including the right to register and/or vote at an election". The right to vote is a constitutional right and is only precluded during the pendency of a person's sentencing for a felony. Election Law § 5-106. Further, the statute provides that a certificate of relief from disabilities does not apply to the right of a person to retain or to be eligible for public office. Id., § 701(1). The holding of public office is a unique status. Forfeiture of public office upon conviction of a crime is specifically covered by section30 of the Public Officers Law. Section 701, however, includes no specific reference to service as a juror.
We note, also, that when the Legislature amended the Judiciary Law in 1977 to streamline procedures relating to the selection of jurors, it simultaneously enacted a standardized questionnaire to be sent to all prospective jurors. See, Judiciary Law §§ 513, 562(4). The statutorily prescribed questionnaire provides for an inquiry as to whether a prospective juror has ever been convicted of a crime but does not ask whether an individual has obtained a certificate of relief from disabilities or a certificate of good conduct. Since the Judiciary Law was amended after the enactment of the provisions of the Correction Law which provide for certificates of relief from disabilities and for good conduct, the absence of such inquiry in the questionnaire creates some uncertainty. We do not believe, however, that the omission of this inquiry from the questionnaire precludes the consideration of such certificates by the appropriate authorities. The statute does not limit a commissioner of juror's inquiry to information included in the questionnaire. Id., § 509. For example, information obtained from public agencies concerning prior criminal convictions may be considered. Judiciary Law § 509(a). The commissioner may summon a prospective juror for a personal interview if he or she feels that it is required. Id., § 509(b); 22 NYCRR § 128.5(a)(b).
While the determination of the question you have raised is not clear, on balance we believe that a certificate of relief from disabilities or a certificate of good conduct includes within its coverage relief of the disqualification of a felon to serve as a juror. Section 500 of the Judiciary Law provides that all eligible citizens are to have the opportunity to serve on juries and have an obligation to serve unless exempted, disqualified or excused. Thus, service on a jury is cast as a right and as an obligation. A certificate of relief from disabilities prevents the "automatic forfeiture of any . . . franchise . . ." or "automatic forfeiture of any . . . right or privilege". A conviction covered by a certificate is not determined to be a conviction within the meaning of any provision of law that imposes a disability to exercise any right or a disability to apply for or receive any authority or privilege. Similarly, a certificate of good conduct "relieve[s] an individual of any disability". In our view, the language defining the relief granted by these certificates is sufficiently broad to include the right of a felon to serve as a juror as provided in section 500 of the Judiciary Law.
Also, provisions of State law governing the selection and qualification of jurors were modeled on the Federal Jury Selection and Service Act of 1968. Bill Jacket, L 1977, ch 316, Memorandum in Support of Bill by Frederick Miller, Legislative Counsel, Office of Court Administration. Under Federal law, conviction of a crime does not serve as a bar to jury service if the individual's civil rights have been restored.28 U.S.C. § 1865 (b)(5), as amended by Pub L 95-572.
We note that our conclusions does not mean that all convicted felons receiving a certificate of relief from disabilities or a certificate of good conduct automatically may serve as a juror. As we previously noted, a certificate may be limited to one or more enumerated forfeitures or bars. Further, the authorities responsible for issuance of these certificates may issue a certificate provided they are satisfied that the relief to be granted is consistent with the rehabilitation of the applicant and that the relief to be granted is consistent with the public interest. Correction Law § 702(2)(b), (e); § 703-a(3)(b), (c); § 703-b(1)(b), (c). Also, a certificate generally relieving all disabilities and bars does not prevent a commissioner of jurors from relying upon the conviction as a basis to deny seating of an individual juror. Id., § 701(3). The commissioner of jurors has broad authority to determine the qualifications of a person to serve as a juror. Judiciary Law § 509; 22 NYCRR § 128.5. That determination, however, should be made on an individualized basis. A general rule of disqualifying all certificate holders on account of a felony conviction, however, would be inconsistent with the proper exercise of this discretionary authority.
Thus, even if a prospective juror has received a certificate of relief from civil disabilities, the commissioner of jurors would be entitled to analyze and review all the underlying facts and circumstances of the crime(s) for which the potential juror was convicted, weigh these factors against all the rehabilitative efforts of the individual, and then decide in the exercise of his or her discretion whether or not the individual is qualified to serve as a juror. The broad discretion invested in the commissioner of jurors is similar to that held by similar officers, administrative, licensing or other bodies, boards or authorities. Courts have repeatedly upheld a discretionary body's denial or forfeiture of a right, privilege or license after an examination by that body of the facts and circumstances surrounding a felony conviction, despite the issuance of a certificate of relief from civil disabilities by the original sentencing court in each instance. Springer v Whalen68 A.D.2d 1011 (3d Dept 1979). Belmar v New York City Board ofEducation, et ano., 122 A.D.2d 478 (3d Dept 1989); See, also, People vHoneckman, 87 Misc.2d 117 (NY Co Sup Ct 1976); People v Honeckman,120 Misc.2d 1000 (NY Co Sup Ct 1984); Pisano v McKenna, 120 Misc.2d 536
(Oneida Co Sup Ct 1983); Alaino v Ambach, 91 A.D.2d 695 (3d Dept 1982);Matter of Valhos, 145 Misc.2d 657 (Schoharie Co Ct 1989).
At trial, counsel can remove jurors through challenges. CPLR §§ 4108-4110.
In conclusion, we believe that the disabilities, forfeitures and bars which can be relieved through a certificate of relief from disabilities or a certificate of good conduct include within their scope the disqualification of a felon to serve as a juror. The authorities responsible for granting these certificates must consider whether it is in the public interest to relieve a convicted felon of the statutory bar to serve as a juror. These authorities can limit the application of these certificates to one or more enumerated forfeitures, disabilities or bars. Also, notwithstanding the issuance of a certificate relieving all disabilities, forfeitures and bars, a commissioner of jurors may consider a criminal conviction in determining the qualifications of a person to serve as a juror. Also, at trial, counsel may utilize challenges to remove jurors.