■ In the Matter of FRANK D'AMORE, Petitioner, v VILLAGE OF KENMORE, Respondent. [785 NYS2d 242]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [John P. Lane, J.], entered March 30, 2004) to review a determination of respondent. The determination terminated petitioner's employment with respondent.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petitions are dismissed.

Memorandum: In this CPLR article 78 proceeding, petitioner challenges the determination of respondent terminating him from his position as a bulk trash truck driver for its Department of Public Works. We reject petitioner's contention that the determination is not supported by substantial evidence. It is undisputed that petitioner was convicted of sexual abuse in the second degree during the period of his employment, which supports the imposition by respondent of discipline for misconduct (*see Matter of Cromwell v Bates,* 105 AD2d 699 [1984]; *Matter of Zazycki v City of Albany,* 94 AD2d 925, 926 [1983], *lv denied* 60 NY2d 558 [1983]). The penalty is not "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 237 [1974]; *see Matter of Kelly v Safir,* 96 NY2d 32, 38 [2001], *rearg denied* 96 NY2d 854 [2001]). Petitioner expressly elected in writing to proceed with a hearing pursuant to Civil Service Law § 75 and waived his right to request review pursuant to the terms of the collective bargaining agreement (*see generally Harms v Riordan-Bellizi,* 223 AD2d 624, 625 [1996]). Supreme Court properly exercised its discretion in granting respondent's motion to consolidate pursuant to CPLR 602 (a) (*see generally Government Empls. Ins. Co. v Uniroyal Goodrich Tire Co.,* 242 AD2d 765, 766 [1997]). Finally, the challenge to petitioner's termination based upon respondent's alleged violation of Correction Law § 752 is barred by the doctrine of res judicata (*see Matter of Doherty v Cuomo,* 76 AD2d

14, 18 [1980]) and, in any event, is lacking in merit (*see Matter of Pisano v McKenna*, 120 Misc 2d 536, 538 [1983]). Present— Green, J.P., Scudder, Gorski, Martoche and Hayes, JJ.