09-3519-cv
Noble v. Career Educ. Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of April, two thousand ten.

PRESENT: REENA RAGGI,
PETER W. HALL,
*Circuit Judges.*[*]

---------------------------------------------------------------------------

EMILIO NOBLE,

*Plaintiff-Appellant,*

v.                                                          No. 09-3519-cv

CAREER EDUCATION CORPORATION,

*Defendant-Appellee.*

---------------------------------------------------------------------------

APPEARING FOR APPELLANT:     STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, Chester, New York.

APPEARING FOR APPELLEE:      AMBER L. KAGAN, Morgan, Lewis & Bockius LLP, New York, New York (Kirsten A. Milton,

---

[*] Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter in accordance with Second Circuit Internal Operating Procedure E(b).

Morgan, Lewis & Bockius LLP, Chicago, Illinois,
*on the brief).*

Appeal from the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's order entered on December 3, 2007, is AFFIRMED.

Plaintiff Emilio Noble, whose complaint for wrongful termination under federal and state law was dismissed, argues on appeal that the district court erred in ruling that he failed to state a claim under article 23-A of the New York Correction Law, §§ 750-755 (McKinney 2003).[1]  See Fed. R. Civ. P. 12(b)(6).  We review the dismissal of a complaint de novo, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.  See Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009).  When, as here, an appeal turns on a construction of state law, we must determine how the New York Court of Appeals has interpreted, or would interpret, the relevant language, giving the "fullest weight" to pronouncements of the state's highest court and, where they are not dispositive, giving "proper regard" to relevant rulings of the state's lower courts. International Bus. Machs. Corp. v. Liberty Mut. Fire Ins. Co., 303 F.3d 419, 423 (2d Cir. 2002).  Further, we "carefully review . . . the statutory language, pertinent legislative history, [and] the statutory scheme," Travelers Ins. Co. v. 633 Third Assocs., 14 F.3d 114, 119 (2d

---

[1] Plaintiff does not appeal from the district court's award of summary judgment for defendant on his claims under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; and New York Executive Law § 290 et seq.

2

Cir. 1994) (internal quotation marks omitted). In doing so here, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. The Statutory Text

In determining the reach of a particular statute, we begin, as we must, with the text. See United States v. Williams, 558 F.3d 166, 170 (2d Cir. 2009); Zaldin v. Concord Hotel, 48 N.Y.2d 107, 113, 421 N.Y.S.2d 858, 862 (1979). In 2004, when plaintiff's employment was terminated, New York Correction Law § 752 stated, in relevant part:

> No application for any license or employment, to which the provisions of this article are applicable, shall be denied by reason of the applicant's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of "good moral character" when such finding is based upon the fact that the applicant has previously been convicted of one or more criminal offenses . . . .

N.Y. Correct. Law § 752 (McKinney 2003) (emphasis added). Plaintiff, who was employed by defendant for approximately one year before being terminated upon discovery that he had been convicted of grand larceny in connection with a prior employment, does not dispute that the quoted text of § 752 plainly refers only to applications for, not terminations of, employment. Nevertheless, he insists that the district court erred in failing to construe § 752 to prohibit his termination.

To be sure, a 2007 amendment to § 752, see infra, extends the statute's reach to terminations. But plaintiff fails to point us to any authority indicating that the Legislature

3

intended the original statute to be so construed.  See Riley v. County of Broome, 95 N.Y.2d 455, 463, 719 N.Y.S.2d 623, 627 (2000) ("The primary consideration of courts in interpreting a statute is to ascertain and give effect to the intention of the Legislature." (internal quotation marks omitted)).  As the New York Court of Appeals has observed, "Article 23-A of the Correction Law was enacted in 1976 in an attempt to eliminate the effect of bias against ex-offenders which prevented them from obtaining employment."  Bonacorsa v. Van Lindt, 71 N.Y.2d 605, 611, 528 N.Y.S.2d 519, 521 (1988) (emphasis added).  Plaintiff's speculative assertions as to such intent are not persuasive in light of plain language indicating that § 752 pertains only to job applications.[1]  See N.Y. Stat. § 76 ("Where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation."); People v. Phyfe, 136 N.Y. 554, 559 (1893) ("We are not permitted to speculate as to the motive or design of the lawmakers, or to search for a hidden meaning or an unexpressed purpose in the enactment.").

2.    The Case Law

Consistent with that construction, New York courts addressing the issue have concluded that, before its 2007 amendment, Correction Law § 752 barred the denial of applications for, not the termination of, employment.  See D'Amore v. Vill. of Kenmore, 12

---

[1] Plaintiff submits that the district court's reading of the statute is absurd because it would permit an employer to hire an ex-convict on Monday and then fire him on Tuesday because of his criminal record.  That is not this case.  Here, plaintiff was convicted of grand larceny in May 2004, after he was already employed by defendant.

A.D.3d 1129, 1129-30, 785 N.Y.S.2d 242, 243 (4th Dep't 2004) (alternative holding) (holding that challenge to termination under § 752 "is lacking in merit"); Pietranico v. Ambach, 82 A.D.2d 625, 626, 442 N.Y.S.2d 827, 828 (3d Dep't 1981) ("Article 23-A by its terms applies only to the 'application' for a license by a person previously convicted of a crime; it has no bearing on disciplinary proceedings against persons already licensed." (citing N.Y. Correct. Law § 751[2])); Durante v. Bd. of Regents, 70 A.D.2d 692, 693, 416 N.Y.S.2d 401, 403 (3d Dep't 1979) (same); Mosner v. Ambach, 66 A.D.2d 912, 912, 410 N.Y.S.2d 937, 938 (3d Dep't 1978) (same); Pisano v. McKenna, 120 Misc. 2d 536, 538, 466 N.Y.S.2d 231, 233 (Sup. Ct. 1983) (same). To the extent these cases involve licenses not employment, we agree with the district court that the statute draws no relevant distinction between the two.

Notwithstanding this authority, plaintiff urges us to rely on broad public policy statements in related Appellate Division decisions to conclude that he stated a claim under § 752. See, e.g., Givens v. N.Y. City Hous. Auth., 249 A.D.2d 133, 133, 671 N.Y.S.2d 479, 479-80 (1st Dep't 1998) (observing that "[t]he same public policy that prohibits discrimination in hiring on the basis of a criminal record prohibits discrimination in terminating employment on the basis of a criminal record" in setting aside jury verdict against state agency for negligently hiring employee (citations omitted)). We are not

---

[2] At the time of plaintiff's termination, § 751 clarified that "[t]he provisions of [article 23-A] shall apply to any application by any person who has previously been convicted of one or more criminal offenses . . . ." N.Y. Correct. Law § 751 (McKinney 2003) (emphasis added).

5

convinced.  For the most part, these cases are distinguishable or inapposite.[3]  Plaintiff cites

no case either permitting a plaintiff to sue his employer for wrongful termination under § 752

or explaining how the statute's clear language regarding applicants and applications might

be read to prohibit his termination.[4]

        3.      The 2007 Amendment

In 2007, the New York Legislature amended § 752 to provide that "no employment

or license held by an individual . . . shall be denied or acted upon adversely by reason of the

individual's having been previously convicted of one or more criminal offenses."  N.Y.

Correct. Law § 752 (McKinney Supp. 2010).  Plaintiff submits that this amendment

---

[3] See, e.g., Smith v. Kingsboro Psychiatric Ctr., 35 A.D.3d 751, 752, 828 N.Y.S.2d 419, 421 (2d Dep't 2006) (concluding that "the termination of [petitioner's] employment based upon his failure to disclose his criminal record completely and truthfully does not implicate" Correction Law § 752); Rodgers v. N.Y. City Human Res. Admin., 154 A.D.2d 233, 235, 546 N.Y.S.2d 581, 582 (1st Dep't 1989) (noting that "[t]he very purpose of [certificates of relief under N.Y. Correction Law § 701] is to permit an individual who has made mistakes but has been rehabilitated to begin anew and become a productive member of society"); State Div. of Human Rights v. Sorrento Cheese Co., 115 A.D.2d 323, 324, 495 N.Y.S.2d 865, 866 (4th Dep't 1985) ("It is as much a violation of the Human Rights Law to discriminate against a person because of an arrest or a conviction for a criminal offense as it is to discriminate against that person because of an erroneously perceived conviction for a crime" (citing N.Y. Exec. Law § 296(15)-(16))).  But cf. Pioneer Group v. State Div. of Human Rights, 174 A.D.2d 1041, 1041-42, 572 N.Y.S.2d 207, 207-08 (4th Dep't 1991) (holding that substantial evidence supported unlawful discrimination determination and referencing complainant's "unlawful termination").

[4] Even if a minority of state appellate courts have applied § 752 to terminations of employment, we would not be compelled to apply such a rule absent authority from the New York Court of Appeals when, as in this case, the statute's text is clear and most appellate courts have concluded otherwise.  See Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 465 (1967); King v. Order of United Commercial Travelers of Am., 333 U.S. 153, 161 (1948).

6

effectively ratified state court decisions already extending § 752 to terminations.  To the contrary, the plain language of the amendment and its legislative history confirm the Legislature's intent to provide <u>new</u> protections against termination lacking from the original version of § 752.  <u>See</u> N.Y. State Senate Introducer's Mem. in Support, N.Y. Bill Jacket, 2006 S.B. 7730 ("The anti-discrimination protections in Section 752 of the Correction Law currently apply only to applicants for employment or occupational licenses who have criminal convictions. The law provides no protection to current employees or license holders who face unfair discrimination based on criminal records that predate their employment or licensure.  This bill extends the anti-discrimination protections to current employees . . . .").

We, therefore, conclude that the district court correctly dismissed plaintiff's Correction Law claim because, in 2004, the relevant statute did not prohibit termination of employment.[5]

We have considered plaintiff's other arguments on appeal and conclude that they are

---

[5] Neither party has requested certification of this question to the New York Court of Appeals. <u>See</u> Second Circuit Local Rule 27.2. "Certification . . . should be done 'sparingly, mindful that it is our job to predict how the New York Court of Appeals would decide the issues before us.'" <u>City of New York v. Golden Feather Smoke Shop, Inc.</u>, 597 F.3d 115, 126 (2d Cir. 2010) (quoting <u>Highland Capital Mgmt. LP v. Schneider</u>, 460 F.3d 308, 316 (2d Cir. 2006)).  We need not resort to certification here because "existing authority enables us to predict on a reasonable basis how the New York Court of Appeals would rule if squarely confronted with the issue." <u>Schipani v. McLeod</u>, 541 F.3d 158, 162 n.6 (2d Cir. 2008) (internal quotation marks and alteration omitted).

7

without merit.  Accordingly, we AFFIRM the December 3, 2007 order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court